Commonwealth, Appellant, *v.* Eisenmenger.

Submitted May 26, 1950. Before DREW, C. J., STERN, STEARNE and JONES, JJ.

*Frederick Y. Dietrick, Randolph C. Ryder,* Deputy Attorney General and *T. McKeen Chidsey,* Attorney General, for appellant, submitted a brief.

*H. Alvan Baird,* for appellee, submitted a brief.

OPINION BY MR. JUSTICE JONES, June 26, 1950:

The appellee, Eisenmenger, was involved in an automobile accident (not a fatal one) and as a consequence he was requested by the Secretary of Revenue to submit to an examination such as is given to persons seeking an operator's license for the first time. Section 608(f) of The Vehicle Code, Act of May 1, 1929, P. L. 905, as amended (75 PS §168), directs that "The secretary may, in his discretion, require the special examination, by such agencies as the secretary may direct, . . . of any operator, to determine incompetency, physical or mental disability or disease, or any other condition which might prevent such applicant from exercising reasonable and ordinary control over a motor vehicle."

The special examination was given Eisenmenger, as directed by the Secretary of Revenue, by a member of the Pennsylvania State Police. The officer examined him according to the "Standard Procedure for Operator's Examination" adopted by the Secretary of Revenue and was apparently well qualified to do so, having been specially assigned to such work for twelve years and having given, on an average, two thousand driving examinations a year. Eisenmenger was given an unsatis-

factory rating by the examining officer and, subsequently, received notice from the Secretary that his license had been suspended indefinitely, the reason given being "incompetent driver". Section 615(b) of The Vehicle Code, as amended (75 PS §192 Pkt. Part), provides that "The secretary may suspend the operator's license . . . of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence: . . . 5. That such person is incompetent or unable to exercise reasonable and ordinary control over a vehicle."

Eisenmenger appealed the suspension to the court of common pleas of his county: see Section 616 of The Vehicle Code, as amended (75 PS §193 Pkt. Part). As to the scope of review by courts of common pleas upon such appeals, see *Commonwealth v. Funk,* 323 Pa. 390, 399, 186 A. 65; *Commonwealth v. Cronin,* 336 Pa. 469, 473, 9 A. 2d 408; *Handwerk Automobile License Case,* 348 Pa. 263, 35 A. 2d 289; *Commonwealth v. Herzog,* 359 Pa. 641, 643, 60 A. 2d 37; and *Commonwealth v. Wagner,* 364 Pa. 566, 569, 73 A. 2d 676. It is well settled that under Section 616 of the Code, a court of common pleas is empowered to determine anew whether an operator's license *should* be suspended: *Commonwealth v. Wagner,* supra.

At the hearing in the court below on the appeal, the State policeman who examined Eisenmenger testified that he failed eight of the thirteen operating phases of the driving examination prescribed by "Standard Procedure", the witness relating the specific deficiencies. In his own behalf, Eisenmenger testified that he had been a licensed operator for twenty-five years and had driven approximately six thousand miles a year in travelling about in his business as an insurance agent; and that, in that period, he had had but two relatively minor collisions, the one being the accident for which the special examination had been required. In that instance, his

fender "rubbed" the rear fender of a truck he was passing in the nighttime. In the other accident, he "just rubbed [the] fender" of another car. Both occurrences he attributed to the blinding lights of the oncoming automotive vehicles. He also denied categorically that he was guilty of the errors, either of omission or commission, which the examining officer had ascribed to him. Eisenmenger also called two witnesses, one a policeman from Williamsport who had twelve years driving experience and a friend with twenty-one years of such experience. Both of these witnesses' testified to the care Eisenmenger had exhibited when they had driven with him and, on the basis of that knowledge, they were permitted to express their opinions that he was a competent driver.

The learned court below made no findings of fact from the evidence but arbitrarily stated as an ultimate conclusion that ". . . the appellant [appellee here] is competent to operate an automobile upon the public highways of Pennsylvania" and, thereupon, reversed the suspension and directed a reinstatement of the license. The court's summary action in such regard was error. The case must go back for findings of fact whereon the trial judge may reasonably base an ultimate conclusion as to the operator's competency to drive: *Oesterling Appeal*, 347 Pa. 241, 243, 31 A. 2d 905; cf. *Commonwealth v. Garman*, 361 Pa. 643, 645, 66 A. 2d 271.

Inasmuch as the case must be remanded for further proceedings, we shall consider the contentions made in this court in order that future error may possibly be avoided. The Commonwealth, as appellant here, argues that it was a manifest abuse of discretion for the hearing judge not to accept the testimony of the Commonwealth's witness, the examining police officer, as being completely and finally dispositive of the issue as to Eisenmenger's competency to drive an automotive vehicle. No such conclusive effect is to be accorded the witness' oral testimony. Its weight is necessarily for the trial judge along

with all other relevant and material evidence in the case. In appraising the value of such testimony, the court, of course, should, and no doubt will, give due consideration to the witness' experience in the work, the relative materiality of the matters he pointed out as driving faults and the consistency or inconsistency of his estimate as a whole. On the other hand, the court has also to consider the positive and categorical denials by the examinee of the errors attributed to him by the officer, a number of which were stated in variable terms as to distances and locations with nothing like measured precision. The court may also take into consideration the extent of the operator's past experience and his record with respect to traffic violations and highway accidents. With no intention of placing any limitation upon the inquiry or of preëmpting the fact-finding function of the trial court, we may say that it is matter of the foregoing nature that should go to make up the findings of fact whereon an ultimate conclusion can logically be based.

Another contention of the Commonwealth is that observations with respect to the operator's ability as a driver made at any time other than the time of the official examination are immaterial. That would be true if the province of a common pleas court upon an appeal from the Secretary's suspension of an operator's license was merely to determine whether the Secretary had abused his discretion. Such, however, is not the case. The hearing is *de novo* and the court's determination of the fundamental issue should be on the basis of a record made *in præsenti* whereby any subsequent evidence is at once competent. Witnesses as to the operator's driving ability should testify objectively with respect to relevant and material matters observed by them. Opinion evidence is not called for and should be excluded. The justification for expert testimony at any time is that it is the best evidence available. Manifestly there is no

such necessity with respect to proof of an operator's habits and performance in driving an automobile upon the public highways. An operator's need for a license to drive in connection with his work is, of course, immaterial to a question of his competency to drive: *Commonwealth v. Garman,* supra, at p. 646.

Order reversed and record remanded for further proceedings not inconsistent with this opinion; costs to abide the final result.