Commonwealth, Appellant, *v.* Smail.

Submitted October 2, 1950. Before Drew, C. J.,
Stern, Stearne, Jones and Ladner, JJ.

*H. Ray Pope, Jr., Randolph C. Ryder,* Deputy Attorney General, and *T. McKeen Chidsey,* Attorney General, for appellant.

*A. A. Geary* and *W. P. Geary,* for appellee.

OPINION BY MR. JUSTICE JONES, November 13, 1950:

Following a collision between an automobile driven by the appellee and another automotive vehicle, the Secretary of Revenue, acting pursuant to authority conferred upon him by Sections 608(f) and 615(b) of The Vehicle Code of 1929, as amended, suspended indefinitely the appellee's operator's license. Upon the latter's appeal under Sec. 616, the learned judge of the court below, after a hearing, entered an order reinstating the license. The court did not, however, make any findings from the evidence but merely concluded that the petitioner was a competent automobile driver. The cause must, therefore, be remanded for specific findings of fact whereon an ultimate conclusion with respect to the petitioner's competency to drive an automobile can logically be based: *Commonwealth v. Eisenmenger,* 365 Pa. 127, 74 A. 2d 173. Such is the pertinent inquiry and not whether the particular collision was the appellee's fault to which much of the Commonwealth's proofs were mistakenly directed. The procedure and evidentiary tests, relevant to the issue (see *Commonwealth v. Eisenmenger,* supra), should be observed and followed.

Order reversed and record remanded for further proceedings in conformity with this opinion; costs to abide the final result.