## Perry License

*E. D. Brown*, for appellant.

*Richard Maize*, for Commonwealth.

MORROW, J., August 28, 1951.—Appellant, L. D. Perry, was involved in a motor vehicle accident on March 27, 1950, and in a prior accident of the same nature June 14, 1949. The latter accident was investigated by Henry E. Poiser, a corporal in the Pennsylvania State Police. He had also investigated the former accident, in which an information was filed against Perry before a justice of the peace. Perry settled that case without hearing by paying a small fine and costs. In the matter of the latter accident Corporal Poiser recommended that both operators be cited for departmental hearing and that Perry also be cited for reexamination as to his operating privileges. The departmental hearing did not result in any finding against Perry. The reëxamination as to his competency as an operator was conducted by Private Walter B. Geroda, of the State Police, who had been giving driving examinations for two years. This examination was given Perry on April 16, 1951. Perry failed to pass Geroda's examination and his license was suspended. From that action Perry appealed to this court under section 616 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §193.

Hearing on the appeal was held June 19, 1951, and from the testimony then taken we make the following

### Findings of Fact

1. Perry appeared April 16, 1951, at California, Pa., for special examination as a motor vehicle operator, and was then given the examination by Private Walter B. Geroda, of the Pennsylvania State Police, acting as agent for the Secretary of Revenue.

2. Geroda had been giving examinations of drivers of automobiles for a period of two years, and Perry's examination was the normal procedure given drivers.

3. Perry drove past two different stop signs without stopping and did not look both ways when he came to one intersection.

4. Perry failed in his examination because of the aforesaid inattentiveness.

5. Geroda testified that one thus failing "can come back again and take the test over". He added: "I didn't determine he was permanently incompetent; I failed him for the special examination that was given."

6. Perry is 66 years old, is in good health, does not wear glasses and has driven automobiles for 37 years.

7. Perry admitted running through the two stop signs and gave as his excuse:

"I was having carburetor trouble and I couldn't keep it going by coming to a dead stop without stalling the car so when I hit those two signs I went down to about two miles an hour instead of coming to a complete dead stop; I thought that was complying with the law."

8. Perry called two witnesses in his behalf. One of them, Charles E. Bills, rode with Perry a couple of months ago for a short distance. This driving included entering upon and leaving the National Highway at the Village of Brier Hill where there were no lights to control speeding traffic. Perry drove carefully at that time. The other witness, Paul J. McCabe, had ridden in Perry's car with him once this year and in the last year and a half or two years about six times. Perry proceeded then with more caution than the average driver.

### Discussion

Section 608 (f) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §168, provides in part:

"The secretary may, in his discretion, require the special examination, by such agencies as the secretary

may direct, . . . of any operator, to determine incompetency, physical or mental disability or disease, or any other condition which might prevent such applicant from exercising reasonable and ordinary control over a motor vehicle."

Section 615 of The Vehicle Code as amended June 27, 1939, P. L. 1135, sec. 9, 75 PS §192, provides in part:

"The secretary may suspend the operator's license . . . of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence: . . . 5. That such person is incompetent or unable to exercise reasonable and ordinary control over a vehicle."

The evidence submitted at the hearing before this court June 19, 1951, on Perry's appeal does not show that the secretary made a specific finding that the suspension of license was on the ground that Perry is incompetent or unable to exercise reasonable and ordinary control over a vehicle. It was left to be assumed that such was the secretary's finding because of the proven opinion of the State Policeman Geroda, based on inattentiveness of Perry. The hearing before the court was de novo and the court has power to determine independently the merit of the suspension: Commonwealth v. Eisenmenger, 365 Pa. 127. It is for the court to make specific findings of fact whereon an ultimate conclusion with respect to the operator's competency to drive an automobile can logically be based: Commonwealth v. Smail, 366 Pa. 1. Whether Perry was at fault in the accident of March 27, 1950, to which much of the testimony was directed, is not the pertinent inquiry here. That inquiry concerns his competency to drive an automobile.

Since Geroda testified as recited in the fifth finding of fact that he didn't find Perry permanently incompetent and to the effect that Perry was entitled to another examination, it would seem that this matter

should be remanded to the Secretary of Revenue in order that Perry be now given an opportunity to have another examination. Such action may be without precedent but may be likened to the procedure under rule 11—cases remanded—in Rules of Civil Procedure with respect to administrative agencies. Under all the facts and evidence herein it appears just and proper in fairness to Perry and in protection to the traveling public. As stated in Commonwealth v. Eisenmenger, supra:

"The hearing is *de novo* and the court's determination of the fundamental issue should be on the basis of a record made in *praesenti* whereby any subsequent evidence is at once competent. Witnesses as to the operator's driving ability should testify objectively with respect to relevant and material matters observed by them. Opinion evidence is not called for and should be excluded."

We assume that this last sentence should also be kept in mind in considering the testimony of the examining officer.

## Conclusion

This record should be remanded to the Secretary of Revenue in order that appellant Perry may be given another examination by the secretary or his representative.

## Decree

And now, August 28, 1951, after consideration, it is ordered and decreed that the record herein be remanded to the Secretary of Revenue in order that appellant, L. D. Perry, may now be given another examination as to his competency to exercise reasonable and ordinary control over an automobile, any appeal from the secretary's decision in this remanded case to follow the same procedure as though it were a first appeal.