Commonwealth, Appellant, *v.* Walkinshaw.

420

Argued March 31, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Randolph C. Ryder,* Deputy Attorney General, with him *Willis E. Topper* and *Robert E. Woodside,* Attorney General, for appellant.

*D. R. Walkinshaw,* appellee, in propria persona.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 22, 1953:

This is an appeal by the Commonwealth from an order of the court of common pleas sustaining the appeal of D. R. Walkinshaw, defendant, from an order of the Secretary of Revenue suspending defendant's operator's license for failure to appear for a special examination at the direction of officials of the Bureau of Highway Safety.

While all the facts do not appear of record, defendant stated at the bar of this Court at oral argument that he received the notice to submit to an examination after he was involved in a minor accident with another automobile. The defendant considered himself blameless for the accident and regarded the sum-

mons to an examination as an affront. He therefore notified the Director of Highway Safety that he refused to appear. Authority of the Department of Revenue to order defendant to be examined specially, regardless of his culpability for the accident, is found in §608(f) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS 168(f): "The secretary may, in his discretion, require the special examination, by such agencies as the secretary may direct, of any applicant for learner's permit or operator's license, or of any operator, to determine incompetency, physical or mental disability or disease, or any other condition which might prevent such applicant from exercising reasonable and ordinary control over a motor vehicle or tractor."

Defendant first complains that the notice which he received did not comply with the statute because it did not come from the Secretary of Revenue. There is no substance to this contention. The notice was on the letterhead of the Department of Revenue and was signed by the Administrative Assistant to the Director of Highway Safety. Such a notice obviously issues under the authority of the Secretary of Revenue. There is nothing in the statute to indicate a requirement that every notice be signed by the Secretary personally.

Defendant also argues that the Secretary had no authority to suspend his license *without affording him a hearing* after he had failed to appear for the examination. The Attorney General frankly admits in his brief that no provision of The Vehicle Code, supra, explicitly authorizes the Secretary to suspend an operator's license without a hearing for failure to submit to an examination. But the statute must be given a common-sense interpretation. The Secretary has undoubted authority to ". . . suspend the operator's license . . . of any person . . . whenever the secretary

finds upon sufficient evidence . . . That such person is incompetent or unable to exercise reasonable and ordinary control over a vehicle." (The Vehicle Code, §615(b), 75 PS 192(b)). The Code, as above stated, also provides (§608(f), 75 PS 168(f)) that "The secretary may, *in his discretion,* require the special examination . . . *of any operator,* to determine incompetency . . ." (Emphasis supplied). The authority thus expressly delegated would obviously be an empty one unless the statute is interpreted to mean that the Secretary may suspend the license of one who refuses to appear for an examination when ordered to do so. A hearing to determine an operator's reason for failing to appear would clearly be a useless and time-consuming formality. This is particularly true in the present case in which the defendant responded in writing to his notice to appear in the following language: "You are exceeding your authority by ordering me to appear at a station for re-examination for a driver's license. . . . I refuse to obey your mandate."

Furthermore, a complete answer to all of defendant's charges of irregularity in the administrative proceeding is furnished by the fact that the court of common pleas heard the entire matter *de novo* upon his appeal. See: *Commonwealth v. Emerick,* 373 Pa. 388, 96 A. 2d 370. At that hearing it was the duty of the common pleas court to make its independent finding with respect to the competency of the defendant to operate a motor vehicle: *Commonwealth v. Eisenmenger,* 365 Pa. 127, 74 A. 2d 173. The defendant had full opportunity there to present any excuse he might have had for failing to appear for examination, but he persisted in flouting the authority of the Secretary to require his examination. He presented no other defense. As we said in *Commonwealth v. Cronin,* 336 Pa. 469, 9 A. 2d 408, at p. 474: "It is our con-

clusion that the hearing *de novo* in the court below protected defendant against an arbitrary exercise of power on the part of the Secretary. It gave defendant his day in court, and with it the right to present every available defense which he possessed against the suspension of the license. *Regardless of whether he was accorded a proper hearing before the Secretary,* it is certain that the hearing *de novo* remedied the infringement of any constitutional right of which defendant may have been deprived. . . ." (emphasis supplied) However well-intentioned the defendant may have been, or however sincere his indignation at what he conceived to be an infringement of his constitutional rights, and despite his interesting, courageous, and eloquent presentation of his case *in propria persona* before this Court, nevertheless the Code specifically provides that the Secretary shall have authority to require "any operator" to demonstrate his competency. Defendant cannot be permitted to defy this authority.

The order is reversed at the cost of appellee.