## Exeter Township Victory Club's Appeal

*Paul R. Selecky*, Special Deputy Attorney General, for Pennsylvania Liquor Control Board.

*Patrick J. Flannery*, for appellant.

PINOLA, J., May 22, 1953.—On October 30, 1951, the Pennsylvania Liquor Control Board issued citations to show cause why appellant's club liquor license for the year beginning August 1, 1951, should not be revoked and the bond forfeited. A hearing was held before Examiner Hyman on December 14, 1951, at which 15 witnesses testified for the board. An adjourned hearing was held before Examiner Hyman on February 1, 1952, at which two board agents testified. Thereafter, the board rested. The case was adjourned to permit appellant's counsel to examine all of appellant's records which were turned over to the board's agents on April 13, 1951. Later a hearing was sched-

uled for April 25, 1952. Examiner Marcus presided at this hearing. No statement was made nor explanation given for the absence of Examiner Hyman, who had presided at the two previous hearings. Before the taking of a single word of testimony or the presentation of any evidence, appellant moved that all charges contained in the citations be dismissed for the reason that the board having presented its entire case before Examiner Hyman and having rested, there was nothing before the then presiding examiner. The motion was denied. Appellant rested and renewed its motion, which was likewise denied. On June 26, 1952, the board revoked appellant's license and forfeited the bond. Appellant then took the appeal now before us.

When the matter was called for hearing, counsel moved that the appeal be sustained because the report of the Liquor Control Board was made by an examiner who had not heard the testimony and the action of the board, predicated upon that report and testimony, deprived appellant of its constitutional rights.

He argues that the revocation of the license and the forfeiture of the bond are analogous to criminal charges against an individual and must be so considered. The answer is given by Chief Justice Maxey in Alpha Club of West Philadelphia v. Pennsylvania Liquor Control Board, 363 Pa. 53, 56 where he declared:

"(P)laintiff, should its license be suspended or revoked, has the right of appeal to the Court of Quarter Sessions. . . . Such appeal acts as a supersedeas, unless upon sufficient cause shown the Court should determine otherwise, and the proceeding before the Court of Quarter Sessions is de novo: Pennsylvania Liquor Control Act, Section 410, supra, and Section 404 (47 PS 744-404). This affords plaintiff a full, complete and adequate remedy at law: O'Donnell v. Pennsylvania Liquor Control Board, 351 Pa. 129."

The situation here is comparable to an appeal from the action of the Secretary of Revenue in suspending or revoking an operator's license under The Vehicle Code. In that connection, Mr. Justice Stearne in the latest decision of the Supreme Court, Commonwealth v. Walkinshaw, 373 Pa. 419, 422, declared:

"(A) complete answer to all of defendant's charges of irregularity in the administrative proceeding is furnished by the fact that the court of common pleas heard the entire matter de novo upon his appeal. See: Commonwealth v. Emerick, 373 Pa. 388, . . . At that hearing it was the duty of the common pleas court to make its independent finding with respect to the competency of the defendant to operate a motor vehicle: Commonwealth v. Eisenmenger, 365 Pa. 127, 74 A. 2d 173. The defendant had full opportunity there to present any excuse he might have had for failing to appear for examination, but he persisted in flouting the authority of the Secretary to require his examination. He presented no other defense. As we said in Commonwealth v. Cronin, 336 Pa. 469, 9 A. 2d 408, at p. 474: 'It is our conclusion that the hearing de novo in the court below protected defendant against an arbitrary exercise of power on the part of the Secretary. It gave defendant his day in court, and with it the right to present every available defense which he possessed against the suspension of the license. *Regardless of whether he was accorded a proper hearing before the Secretary*, it is certain that the hearing de novo remedied the infringement of any constitutional right of which defendant may have been deprived. . . .' " (Italics supplied.)

Assuming, therefore, that the Liquor Control Board had irregularly exercised its power, appellant is permitted its day in court and will be given the right to present every available defense which it possesses,

regardless of what transpired at the hearing before the two examiners.

Accordingly, we enter the following

*Order*

Now, May 22, 1953, the motion of appellant to sustain the appeal on the record is denied, and it is directed that testimony be taken at a time agreeable to all concerned.