**Bahry License**

*Emanuel H. Klein,* for appellant.

*Smith & Mountenay,* for Commonwealth.

SATTERTHWAITE, J., July 16, 1954.—This is an appeal from an order of the Secretary of Revenue suspending appellant's motor vehicle operating privileges. In compliance with the mandate of the Supreme Court (Commonwealth v. Strobel, 378 Pa. 84; Commonwealth v. Eisenmenger, 365 Pa. 127), this court has heard the case de novo and must make its own findings of fact from the record on appeal and exercise its discretion on the merits disclosed thereby as to whether or not the suspension should be sustained. Accordingly, we make the following

### Findings of Fact

1. Appellant, John Bahry, is a resident of Bucks County, Pa., his post office address being Quakertown, R. D. 4.

2. Appellant, foreign-born but naturalized, is a farmer by occupation, 64 years of age, and the holder

of a Pennsylvania motor vehicle operator's license restricted to the operation of farm tractors. He has been operating farm tractors for approximately 15 years, but has been licensed therefor only since 1948.

3. As a result of a minor sideswipe accident involving appellant's tractor and three parked cars on February 16, 1948, appellant was convicted of reckless driving and operating without a driver's license. This incident occurred in the Borough of Richlandtown, a small rural community in northern Bucks County.

4. On February 26, 1953, appellant, operating his farm tractor, was involved in a collision with an automobile driven by one Robert B. Hahn at the rural intersection of two public roads in Richland Township north of the Borough of Richlandtown. This collision was not caused by appellant's being incompetent or unable to exercise reasonable and ordinary control over his tractor.

5. No charges of violation of The Vehicle Code were filed against appellant as the result of this accident on February 26, 1953.

6. On April 20, 1954, after a hearing before his representative, the Secretary of Revenue issued an order suspending appellant's operating privileges for an indefinite period on the ground that appellant was "an incompetent operator".

7. On April 27, 1954, appellant filed his petition for the within appeal in this court, which appeal was made a supersedeas.

8. The Secretary of Revenue has not required the special examination of appellant to determine his incompetency, physical or mental disability or disease, or any other conditions which might prevent appellant from exercising reasonable and ordinary control over a motor vehicle or tractor, as authorized by section 608 (f) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §168 (f).

9. There is no sufficient evidence that appellant suffers any physical disability such as to render him incompetent or unable to exercise reasonable and ordinary control over a motor vehicle or tractor.

10. Appellant apparently is a man of little or no formal education and his knowledge of the written English language seems limited. At the hearing in this court, he recognized and comprehended the words "stop" and "go", but did not understand the word "school". No other words or signs were exhibited to him.

11. There is no sufficient evidence that appellant is, for any reason, incompetent or unable to exercise reasonable and ordinary control over a vehicle.

### Discussion

Section 615(b) of The Vehicle Code, as amended, 75 PS §192, provides, inter alia, as follows:

"The Secretary may suspend the operator's license . . . after a hearing before the secretary or his representative, whenever the secretary *finds upon sufficient evidence:* . . .

5. That such person is incompetent or unable to exercise reasonable and ordinary control over a vehicle; . . ." (Italics supplied.)

On the basis of the foregoing facts, which constitute a fair summary of the entire record in the case before this court on appeal, we believe that the secretary has totally failed to show, upon sufficient evidence, that appellant is incompetent.

It is apparent that the reason for the suspension was the accident of February 26, 1953, testimony as to which occupied more than 30 typewritten pages out of a transcript totaling 52 such pages. The question, however, is appellant's competency as an operator of farm tractors; we are not here concerned with determining the fault or liability of appellant in connection with that particular incident. Compare Common-

wealth v. Smail, 366 Pa. 1, 2. Mere proof of the fact of an accident alone is not a sufficient basis for a finding of incompetency: Commonwealth v. Hertzler, 55 D. & C. 287; In re Appeal of Murphy, 13 Somerset 113. Even in the more serious case of suspension of the privileges of an operator involved in a fatal accident, as authorized by section 615 (b) 4 of The Vehicle Code, a suspension is not required solely because he was involved in such an accident even if he was guilty of some negligence; the negligence must be of such a nature, in the discretion of the hearing judge, "as to warrant such punitive punishment necessary to the protection of the public": Levengood Appeal, 377 Pa. 301, 303; Beck Automobile License Case, 2 Bucks 170, 173, and cases cited therein. Such extraordinary negligence does not appear in this case.

We need not make further reference to the facts of the accident occurring on February 26, 1953. We are satisfied that whether or not appellant was guilty of negligence in connection therewith, the circumstances of that incident, even when considered with the other matters presented by this record, are not sufficient to demonstrate his incompetence within the meaning of the section of The Vehicle Code under consideration quoted above. Even if this accident occurred as the result of a violation of The Vehicle Code in that appellant failed to yield the right of way to traffic on a through highway, as to which we deem it unnecessary to make any finding, still he has not been charged therewith in these or any other proceedings. Even repeated violations of The Vehicle Code do not in themselves establish incompetency and cannot be the basis for a suspension on that ground since other provisions of The Vehicle Code give the secretary the right to suspend for violations of the code as such: Kuntz's Appeal, 77 D. & C. 526. Compare Commonwealth v. Miller, 67 D. & C. 46.

Significantly, the secretary has neither ordered appellant to be specially examined relative to his ability and competence to operate motor vehicles as he might have under section 608 (*f*), supra, nor provided equivalent comprehensive, over-all proof on the subject before this court. While the results of such examination would not necessarily be completely dispositive of the case on appeal (Commonwealth v. Eisenmenger, 365 Pa. 127, 130), nevertheless, testimony of the officers delegated to make it would form a much better basis upon which this court could be informed as to the whole situation. Since that course was not followed, and the secretary has chosen to rely on isolated and inconclusive incidents, we feel compelled to hold that he has failed to meet the burden which the act of assembly has placed upon him: to find upon sufficient evidence that appellant was incompetent.

The only possible ground for the secretary's action so far as shown in the record in this court, is the questioned ability of appellant to comprehend road signs. We have given no weight to the testimony of the officer that appellant's daughter stated, in appellant's hearing sometime after the accident, that his eyesight was failing and that the accident probably occurred because of that fact, since she was not present at the scene and her statement at best would be opinion evidence which is not called for and should be excluded: Commonwealth v. Eisenmenger, supra, at page 131. Furthermore, appellant had no apparent difficulty in physically seeing the signs lettered by counsel on legal-sized sheets of paper held approximately 15 feet away from him in open court when he was examined as to his knowledge of the three words "stop", "go" and "school". No other evidence appeared on the subject.

While we have found that he did not understand the one word "school", we are not convinced from that fact alone that he should be declared incompetent and lack-

ing in ability to operate a motor vehicle. The fact is that he has been operating a tractor for approximately 15 years during which time he has had but two accidents, neither of which would appear to have had any relation to his inability to read the English language fluently. While obviously distinguishable, the decision of the Supreme Court in Commonwealth v. Marsili, 373 Pa. 416, is in point on this question; the ability to understand *all* traffic signs is not necessarily a proper test of competence. In any event, we are unwilling to find inability purely on the lack of understanding of one word.

Another factor to be considered in this case in the latter connection is that appellant is licensed only to operate farm tractors. This fact does not render the suspension moot, since he must be licensed in order to operate even a farm tractor upon the public highways: Section 401 of The Tractor Code of May 1, 1929, P. L. 1005, as amended, 75 PS §951. However, the court can take judicial notice of the fact that the operation of farm tractors does not involve any extended movement thereof upon the public road for comparatively long distances or over long periods of time as in the case of an ordinary automobile. Although economic hardship has no place in this case, the issue being solely one of competency (Commonwealth v. Eisenmenger, supra, at page 132), nevertheless, appellant has need of his operator's license and should be denied the same only in the manner provided by law. It may well be that the secretary could, upon further investigation and upon other proof or on other grounds, properly find that appellant's license should be suspended. If so, appropriate action on a proper basis and record should be taken. We hold only that this is not such a case. The secretary, having relied upon the allegation of incompetency, and his proofs having failed to sustain that allegation, the order of suspension under con-

sideration was not lawfully entered and should be reversed.

Order

And now, July 16, 1954, it is ordered that the within appeal be sustained, that the order of the Secretary of Revenue of April 20, 1954, suspending the operator's license of appellant, John Bahry, indefinitely, be and hereby is vacated, overruled and reversed, and that appellant's operator's license be reinstated, subject to such conditions and restrictions thereon as may have existed prior to such order of suspension.