William H. Beard, Inc., Appellant, *v.* State Board of Undertakers.

Argued November 20, 1956. Before JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Jacob S. Richman*, with him *Richman & Richman*, for appellant.

*Sklar & Pearl*, for intervenor, appellant.

*Elmer T. Bolla*, Deputy Attorney General, with him *Herbert B. Cohen*, Attorney General, and *Abraham J. Levy*, for appellee.

OPINION BY MR. JUSTICE JONES, December 29, 1956:

On March 21, 1951, the State Board of Undertakers issued a citation directed to William H. Beard, Inc., at the corporation's place of business in Philadelphia, calling on it to appear at a hearing on April 11, 1951, in Philadelphia and show cause why its undertaker's license should not be suspended or revoked for alleged violations of specified provisions of cited statutes, relating to the undertaking business and to the public

health, and a certain regulation of the Board theretofore adopted and promulgated pursuant to statutory authority. Specifically, the citation charged the respondent with having conducted its undertaking business without the services of a properly registered supervisor, without permitting a registered licensed supervisor to actually supervise its undertaking business, in having negligently and incompetently carried on its undertaking business by having caused burial permits to be issued through the illegal, unauthorized and improper use of the name of an undertaker in good standing with the Board but not registered in, or in any way connected with, the respondent's undertaking business and in conducting its undertaking business in violation of the health laws of the Commonwealth.

Pursuant to the citation and notice, hearings were duly held on various dates at which a stenographic record of the proceedings was made. The respondent was represented by counsel throughout. In due course, the Board made findings of fact on the basis of the testimony and exhibits introduced at the various hearings and concluded as a matter of law that the respondent had violated the undertakers law and the regulation of the Board in the manner in which it had conducted its undertaking business. The Board accordingly entered an order on August 14, 1951, revoking the respondent's license from which order the respondent appealed to the Court of Common Pleas of Dauphin County on September 7, 1951. After argument thereon, the Dauphin County court entered an order, on December 14, 1953, sustaining the action of the Board. The respondent took the instant appeal on January 30, 1954; and certiorari issued on February 5, 1954.

The Commonwealth has moved to quash the appeal, principally, on the ground that it was taken out of

time and to the wrong court. From a decision of the Court of Common Pleas of Dauphin County on an appeal thereto from an adjudication of the State Board of Undertakers, inter alia (see Section 51 of the Administrative Agency Law, supplemented by the Act of September 28, 1951, P. L. 1561, 71 PS §1710.51), an appeal lies to the Superior Court if taken within thirty days of the decision: Section 45 of the Administrative Agency Law of June 4, 1945, P. L. 1388, as amended by the Act of September 26, 1951, P. L. 1561, 71 PS §1710.45. From the dates above recited, it is evident that the instant appeal was not taken to the proper court or within the time allowed for an appeal from the decision of the court below.

The appellant argues, however, that, inasmuch as the proceedings against it were instituted under the Act of June 10, 1931, P. L. 485, as amended, 63 PS §478 (j), which expressly provided that the decision of the Court of Common Pleas of Dauphin County, on appeal from an order of the State Board of Undertakers, shall be final, the matter is now before us as on certiorari in its narrowest sense. In such event, we look merely to the jurisdiction of the court below and the regularity of the proceedings which, as the record plainly reveals, are unexceptionable in both particulars.

But, the Act of 1931, supra, and its amendments, under which the appellant purports to have proceeded with its appeal, as on narrow certiorari, was expressly repealed by Section 21 of the Funeral Director Law of January 14, 1951 (1952), P. L. 1898. And, Section 12 (a) of that Act, 63 PS §479.12, expressly ordained that "All actions of the board shall be taken, subject to the right of notice, hearing and adjudication and the

right of appeal therefrom, in accordance with the provisions of the Administrative Agency Law, approved the fourth day of June, one thousand nine hundred forty-five (Pamphlet Laws 1388), or any amendment or reenactment thereof, relating to adjudication procedure." Consequently, the procedure applicable to an appeal from the decision of the Court of Common Pleas of Dauphin County entered on December 14, 1953, was as prescribed by Section 45 of the Administrative Agency Law of 1945, supra, which allowed for an appeal to the Superior Court within thirty days of the filing of such decision. It follows, therefore, that the appellant failed to take an appeal within the time limited therefor by law or to the proper appellate court.

The appellant's contention that the procedure for appealing from a court decision on the substantive charges laid against it under the Act of 1931, supra, could not be changed by subsequent legislation is unmeritorious. "The legislature may at any time alter, amend or repeal such [procedural] provisions without offending constitutional restraints. So long as there is no omission of a remedy for the enforcement of a right for which a remedy existed when the right accrued, a want of due process is in no way involved": *Agostin v. Pittsburgh Steel Foundry Corp.*, 354 Pa. 543, 549, 47 A. 2d 680, and cases there cited. In *Merner v. Department of Highways*, 375 Pa. 609, 612, 101 A. 2d 759, with respect to the provision in Equity Rule 1536 that the Rule should apply to all actions pending upon the effective date of such Rules, we said "The matter being one of procedure, the direction as to the immediate application of the Rules to all pending actions was, of course, competent [citing *Agostin* case, supra]."

In the present instance the prescribed appellate procedure was on the statute books almost a year be-

266

fore the Dauphin County court filed its decision which the appellant now seeks to have us review as on a narrow certiorari. There is no basis for such a course where an appeal to the Superior Court is expressly conferred by statute unless, upon due application, we specially issue such a certiorari. And, that we have not done. There is nothing left for us to do in the circumstances but grant the Commonwealth's motion.

Appeal quashed.