## Sarti License

*Sandra Sernak*, for appellant.

*Raymond J. Sobota, Jr.*, for Commonwealth.

BIGELOW, J., May 5, 1969.—This is an appeal from the order of the Secretary of Revenue suspending defendant's license for a two month period pursuant to section 618(b)(2) for violation of the Act of April 29, 1959, P. L. 58, sec. 819, 75 PS §819(f).

From the testimony the court makes the following:

## FINDINGS OF FACT

1. On March 2, 1968, erroneously testified by the arresting officer to be April 2, 1968, defendant, as a favor to the owner of a 1968 Chevrolet presented the vehicle for inspection at official inspection station no. 4126, located in Duryea.

2. Defendant drove the vehicle into the bay area of the station, that area approved for inspection purposes.

3. While seated in the vehicle he was instructed by the mechanic in attendance to actuate the lights and the directional signals.

4. This done he alighted from the vehicle and entered the office area of the service station where he engaged in conversation with acquaintances.

5. He then re-entered the bay area and drove the vehicle from the garage.

6. Sometime thereafter defendant received a telephone call from the mechanic who inspected the vehicle and was informed by him, "I got nailed for a sticker being put on your automobile illegally. I put it on illegally."

7. Subsequently on March 6, 1968, defendant was arrested by a member of the State police.

8. At that time according to the testimony of the State policeman, defendant admitted that "he realized that this (inspection) wasn't the correct procedure, that it should have been done according to the prescribed manner, that the wheels should have been pulled and the road test and everything else and I asked him about this and this is what he told me."

9. At the time defendant operated the vehicle in question he did not know that the inspection sticker had been illegally affixed thereto.

## DISCUSSION

Defendant did not deny the content of the conversation with the State police officer. He, however, strenuously denied that he had any knowledge that the inspection was performed illegally at the actual time of the inspection. He explained that it was only after the telephone conversation with the mechanic that he first became aware that the inspection was not performed in the prescribed manner, and this was the reason he agreed with the State policeman that the inspection and approval were contrary to law. He also testified that the sole reason he paid the fine and did not appeal the summary conviction was because he was informed by the co-owner of the service station that if he did not do so, the owners would lose their station.

On this state of the record we feel that the secretary erred in suspending defendant's driving privileges "for illegally furnishing, giving, selling or possessing inspection sticker."

An appeal to the court of common pleas from an order of the Secretary of Revenue suspending an operator's license shall be de novo: Bureau of Highway Safety v. Wright, 355 Pa. 307; Commonwealth v. Herzog, 359 Pa. 641. An appeal to the court is not for the purpose of reviewing the evidence taken before the secretary, and his action thereon, but to hear evidence and determine, in the exercise of the court's sound discretion and in the furtherance of justice, whether the license should be suspended: Commonwealth v. Cole, 350 Pa. 369. After the appeal has been heard de novo it is the duty of the hearing judge to make findings of fact from the testimony whereon he may reasonably base his ultimate conclusion as to whether the suspension of the operator's license was warranted: Commonwealth v. Eisenmenger, 365 Pa. 127.

Furthermore in these proceedings the Commonwealth has the burden to establish the offense by a preponderance of the evidence. This means that the Commonwealth cannot expect its claim to be accepted until it offers proof sufficient to support it. The least degree of proof any claimant can offer in order to obtain persuasion is proof which fairly outweighs the probative value of any proof offered against the claim. If the evidence does not fairly preponderate in favor of its claim it has failed to carry its burden of proof. Since proof by a preponderance of the evidence is the lowest degree of proof recognized in the administration of justice, the evidence the burdened party offers does not become proof until it preponderates in evidentiary weight against the opposing evidence: Se-Ling Hosiery v. Margulies, 364 Pa. 45.

Having carefully reviewed the testimony here the court does not feel that the Commonwealth has met

this burden. The court finds both the testimony of the State policeman and defendant to be credible. The court was particularly impressed with defendant's categorical denial that he had knowledge that the inspection was done improperly at the actual time of the inspection. The court also finds his explanation regarding his admissions to the State policeman to be likewise credible, since it is borne out by the sequence of events here.

On the basis of the testimony, the court concludes that there is no proof whatever that appellant illegally furnished, gave, or sold an inspection sticker or that he knowingly possessed the inspection sticker which the Commonwealth maintains was illegally attached to the vehicle in question.

For these reasons the order of the Secretary of Revenue suspending the defendant's license will be reversed and the appeal will be sustained.

### ORDER

Now, this May 5, 1969, at 9:30 a.m. (EDST), this appeal is sustained and the order of the Secretary of .Revenue suspending the motor vehicle privileges of Dominick Sarti for a term of two months is hereby reversed and the Secretary of Revenue is directed to reinstate defendant's motor vehicle operating privileges.