## Phillis License

*John W. Ford*, for Commonwealth.
*Lee Whitmire*, for appellant.

ROWLEY, J., December 29, 1971.—This matter is before the court upon the appeal of J. Stewart Phillis from an order of the Secretary of Transportation suspending his operator's license "until sufficient proof of competency is established." From the evidence presented at the hearing, we make the following

### FINDINGS OF FACT

1. Appellant is a citizen of the Commonwealth of Pennsylvania and resides at 415 Fourteenth Street, Beaver Falls, Beaver County, Pa.

2. Appellant is licensed to operate motor vehicles in the Commonwealth of Pennsylvania and has driven an automobile for approximately 51 years.

3. During the time that appellant has been operating a motor vehicle, he has made a number of long distance trips to such places as Florida, Arkansas, Massachusetts and New York, all without any difficulty.

4. During the past year, appellant has driven to Lake Chautauqua, N.Y., on several occasions, all without difficulty.

5. Appellant has never been convicted for any motor vehicle code violation.

6. On July 11, 1970, appellant was involved in a minor automobile accident in the City of Beaver Falls when the driver of the other vehicle involved drove through a stop sign, without stopping, and into the side of appellant's vehicle which was on a through street.

7. According to the records submitted by the Department of Transportation, appellant was also involved in an accident on May 16, 1971, but no evidence has been presented concerning the happening of that accident.

8. On June 23, 1971, at the direction of the Secretary of Transportation, appellant was given a special operator's examination by an officer of the Pennsylvania State Police.

9. Appellant was examined concerning his knowledge of traffic sign interpretation and passed the examination.

10 Appellant was examined concerning his knowledge of the traffic laws and passed the examination.

11. Appellant was given an eye examination, which he passed, although he is required to wear corrective lenses while driving.

12. Appellant was given a driving examination on the standard off-street driving course designed by the Department of Transportation, as well as on several of the public streets and highways in Beaver County.

13. The Pennsylvania State Trooper that administered the examination to appellant testified that during the course of the off-street examination, appellant failed to stop at a stop sign. However, appellant testi-

fied that the stop sign was at the right-front fender of his car when he started the driving test from a stopped position. We find as a fact, therefore, that appellant did not fail to stop at a stop sign during the off-street driving test.

14. During the off-street driving test, appellant had no difficulty in turning his car around in a 28-foot by 40-foot stall.

15. During the off-street driving test, appellant failed to make a turn signal on three occasions.

16. During the course of the examination, on the public streets, appellant made a left turn from the right lane of a two-lane bridge ramp. This action constituted a violation of section 1011(b) of The Vehicle Code.

17. The balance of the examination of the public streets was performed properly by appellant.

18. The examining trooper reported to the Bureau of Traffic Safety that appellant had failed the special examination.

19. By letter dated July 26, 1971, appellant was notified that his operating privileges were suspended effective August 9, 1971, for failing to satisfactorily pass the special operator's examination. The suspension is effective until such time as appellant furnishes sufficient proof of competency.

20. Appellant's operating privileges have been restored until the disposition of his appeal to this court.

## DISCUSSION

The Secretary of Transportation, in suspending appellant's operating privileges, acted pursuant to the provisions of section 618(a)(1) of The Vehicle Code, 75 PS §618(a)(1), which provides that the secretary may, with or without a hearing, suspend a

person's operating privileges whenever he finds "that such person is incompetent to operate a motor vehicle . . ." The hearing before this court on appellant's appeal, pursuant to section 620 of The Vehicle Code, 75 PS §620, is de novo. We are required to "determine anew whether an operator's license *should* be suspended." The determination of competency must be on the basis of the record made before us: Commonwealth v. Eisenmenger, 365 Pa. 127 (1950). Also see Commonwealth v. Coldsmith, 9 Adams Leg. J. 14 (1967); Stieff's Appeal, 64 Lack. Jur. 125 (1963).

The examining trooper, in this case, testified that appellant's failures on the standard off-street driving course were not sufficient in themselves to justify a failure of the special examination. It is only when appellant added an improper left turn during the test on the public streets that appellant was "failed." The secretary's authority to require a special examination was granted by the legislature in section 608(g) of The Vehicle Code, 75 PS §608(g). A special examination may be given to determine "incompetency . . . or any . . . condition which might prevent . . . (appellant) from exercising reasonable and ordinary control over a motor vehicle."

We have concluded that on the basis of the record before us, the Commonwealth has failed to establish that appellant is incompetent or that he is incapable of exercising reasonable and ordinary control over a motor vehicle. Certainly, every driver of an automobile is not rendered incompetent by one or two violations of the driving provisions of The Vehicle Code. See Brown's License, 40 D. & C. 2d 425 (1966); Commonwealth v. Nesbit, 57 D. & C. 460 (1946); Commonwealth v. Hertzler, 55 D. & C. 287 (1946).

## CONCLUSIONS OF LAW

1. Appellant is competent to operate a motor vehicle.

2. The action of the Secretary of Transportation was not justified.

## ORDER

Now, December 29, 1971, after hearing, the appeal is sustained and the action of the Secretary of Transportation suspending the operating privileges of appellant is overruled.