**Commonwealth v. Davis**

*Richard E. Davis,* for appellant.
*Edward A. Mihalik,* for Commonwealth.

KLEIN, J., July 1, 1974.—

### FINDINGS OF FACT

1. Appellant, Martha Jane Davis, was duly licensed to operate motor vehicles in Pennsylvania on October 26, 1972, and prior thereto, while resident at 1220 Beaver Avenue, Midland, Beaver County, Pa.

2. On October 26, 1972, appellant was convicted of speeding at 72 m.p.h. in a 60 m.p.h. zone and was duly assessed six points therefor under section 619.1 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §619.1.

3. On May 18, 1973, appellant was directed by the Bureau of Traffic Safety to attend Driver Improvement School at Rochester High School commencing June 5, 1973.

4. In the interval, appellant's employer transferred appellant to their Buffalo, N. Y., office.

5. Upon notice from appellant of her relocation, the school notice was rescinded and, in lieu thereof, appellant was directed by notice of July 27, 1973, to undergo a special examination within 30 days.

6. New York law required appellant to secure a New York registration for her auto and a New York operator's license, and further required that appellant surrender her Pennsylvania operator's license in the process.

7. While residing at Checktowaga, a suburb of Buffalo, appellant traveled to the State Police Examination Point at Erie to submit to the required examination within said 30-day period.

8. The State Police, after seeing appellant's notice, directed her to get in line, a rather lengthy one on that occasion.

9. When her turn came to take the exam, the examiner refused to permit her to do so because her auto had an out-of-State registration.

10. By notice dated September 21, 1973, appellant was advised that her privileges were being suspended for 60 days, commencing October 26, 1973, by reason of point accumulation being 11 points. Five points had been added for failure to take the exam.

11. This appeal from suspension followed on Octo-

ber 31, 1973, and appellant's privileges were restored pending appeal.

12. On May 6, 1974, appellant commenced employment in Pittsburgh and once again is currently a resident of Pennsylvania.

13. Appellant having presented herself for the required exam, the Secretary had no basis for adding five points to her record and thereby abused his discretion.

14. The appellant's correct record is as follows:

| | | | |
|---|---|---|---:|
| 10-26-72 | Violation | - Demand Exam | 6 points |
| 10-26-73 | Violation | - Free year | -2 points |
| | | Total | 4 points |

15. Appellant is a competent driver, duly licensed by the State of New York currently.

### DISCUSSION

When appellant drove approximately 100 miles from Buffalo to Erie for the purpose of taking the required exam, the examiner displayed a total lack of good common sense by not arranging same by use of another vehicle, if necessary. Said action was arbitrary and capricious under the circumstances.

Subsection (g) of section 619.1, relating to special examination must be given a common-sense interpretation: Commonwealth v. Walkinshaw, 373 Pa. 419 (1953). A qualified person may not be deprived of privilege of obtaining automobile operator's license by arbitrary action of officers entrusted with administration of The Vehicle Code: Commonwealth v. Emerick, 373 Pa. 388 (1953).

### CONCLUSIONS OF LAW

1. Appellant's driving record never exceeded six points.

2. The secretary was without basis for adding five points; appellant's present record total is four points.

3. The secretary invalidly suspended appellant's privileges for 60 days by abuse of discretion.

### ORDER

And now, July 1, 1974, it is ordered, adjudged and decreed that the appeal of Martha Jane Davis from suspension of operator's privileges is hereby sustained. Appellant's privileges are hereby ordered to be restored in full by the secretary and appellant may be granted a renewal license upon proper application. The secretary is directed to correct appellant's point accumulation to indicate four points, rather than 11.