## Commonwealth v. Chamberlin

*Maurice Levin, Assistant Attorney General,* for Commonwealth.
*Dallett Hemphill,* for appellant.

SUGERMAN, *J.*, April 25, 1975—Petitioner, John R. Chamberlin, has appealed an order of the Secretary of Transportation suspending his

privilege to operate a motor vehicle under the authority conferred by section 618(a)(1) of The Vehicle Code.[1] The suspension, effective May 17, 1974, and based on petitioner's alleged incompetency, is for an indefinite period, and will endure presumably until petitioner's "competency is established."

After hearing de novo to determine whether petitioner's privilege to operate a motor vehicle is subject to suspension (section 620, The Vehicle Code, 75 P.S. §620; Commonwealth v. McCartney, 2 Pa. Commonwealth Ct. 540, 279 A. 2d 77 (1971)), the court makes the following

## FINDINGS OF FACT

1. Petitioner, resident near the Borough of West Chester, Pa., and 78 years of age, is licensed to operate motor vehicles in Pennsylvania and has driven automobiles for approximately 62 years; and petitioner's privilege to operate motor vehicles has never been suspended.

2. A Princeton graduate and now retired, petitioner drives approximately 4,000 to 5,000 miles each year, generally upon personal business or in aid of elderly persons requiring hospitalization; and such travel has been performed without difficulty or incident.

3. On December 19, 1972, at the direction of the Secretary of Transportation, petitioner underwent a special operator's examination administered by an examiner of the Pennsylvania State Police and failed the examination for reasons not appearing of record.

---

1. Act of April 29, 1959, P.L. 58, as amended, 75 P.S. §618(a)(1).

4. On April 18, 1973, petitioner was re-examined by an examiner of the Pennsylvania State Police and again failed, for reasons not appearing of record.

5. Pursuant to order of this court, and apparently based upon stipulation of counsel, petitioner was again examined on October 30, 1974, by an examiner of the Pennsylvania State Police.

6. Such latter examination was administered to petitioner in two parts; the first part, oral in nature and designed to test petitioner's knowledge of The Vehicle Code and rules and regulations promulgated by the Secretary of Transportation pertaining to the operation of motor vehicles, consisted of ten questions, all of which petitioner answered correctly.

7. The second part of the latter examination required petitioner to operate an automobile on an off-street driving course, as well as on several of the public streets of the Borough of West Chester.

8. While operating on the off-street course and engaged in a parking maneuver, petitioner failed to use the turn signals on the test automobile; petitioner does not recall being instructed to operate on the off-street course as though he were driving on the public streets; and the examiner has no recollection of so instructing him.

9. While operating the test vehicle in reverse and backing to the curb on the off-street course, petitioner failed to utilize the rear view mirror in the vehicle; while petitioner does not recall such oversight, the mirror was of no assistance in any event as the curb was high.

10. The routes traversed during the examination included six stop signs and five traffic lights; petitioner operated the test vehicle properly at all but one; at one stop sign, petitioner failed to stop the

vehicle completely, executing a maneuver commonly called a "rolling" stop.

11. During the course of the examination, while operating on a one-way, two-lane public street, petitioner made a left turn from the right lane; such operation constitutes a violation of section 1011(b) of The Vehicle Code, 75 PS §1011(b).

12. The remainder of the examination on the off-street course as well as on the public streets was performed properly by petitioner, without incident.

13. The examiner reported to the Bureau of Traffic Safety that petitioner had failed the examination, and on December 12, 1973, the bureau notified petitioner of such failure, and the determination of the Secretary of Transportation to suspend petitioner's privilege to operate a motor vehicle.

14. Pursuant to his request, a departmental hearing was afforded petitioner on March 4, 1974, and on May 7, 1974, petitioner was notified by the Director of the Bureau of Traffic Safety that his privilege to operate a motor vehicle was suspended, effective May 17, 1974, until such time as petitioner furnished "sufficient proof of competency."

15. Petitioner's operating privileges have been restored pending disposition of the within appeal.

16. Petitioner resides alone in a relatively rural section of Chester County, is without access to public transportation, and requires a motor vehicle in order to move about upon his daily affairs.

## DISCUSSION

Acting under the authority conferred upon him by the legislature in section 608(g) of The Vehicle Code, 75 P.S. §608(g), the Secretary of Transporta-

tion directed petitioner to submit to a special examination in order to determine his competency to operate a motor vehicle. Petitioner was examined by an officer of the Pennsylvania State Police on December 19, 1972, and failed the special examination. We are not told the reason for such failure. Petitioner was again examined on April 18, 1973, and again failed. Once more, we are not advised of the reasons for such failure. Finally, petitioner was examined a third time and failed again. The basis for such latter failure appears of record.

The determination of competency must now be made on the basis of the record before the court: Commonwealth v. Eisenmenger, 365 Pa. 127, 74 A. 2d 173 (1950).

Research reveals a case strikingly similar to that at bar. In Phillis License, 54 D. & C. 2d 684 (1971), the appellant there, having operated an automobile for 51 years, was directed and did submit to a special examination to determine his competency to drive. He passed the first part of the examination testing his knowledge of The Vehicle Code, but while engaged in that part of the examination requiring him to drive, he failed to use his turn signals on three occasions, and made a left turn from the right lane on a public street, in violation of section 1011(b) of The Vehicle Code.

The examiner failed appellant and his operating privilege was suspended. On appeal, however, the Beaver County Court reversed the suspension, holding as it did:

"We have concluded that on the basis of the record before us, the Commonwealth has failed to establish that appellant is incompetent or that he is incapable of exercising reasonable and ordinary

control over a motor vehicle. Certainly, every driver of an automobile is not rendered incompetent by one or two violations of the driving provisions of The Vehicle Code. See Brown's License, 40 D. & C. 2d 425 (1966); Commonwealth v. Nesbit, 57 D. & C. 460 (1946); Commonwealth v. Hertzler, 55 D. & C. 287 (1946).": Phillis License, 54 D. & C. 2d 684, 687.

On the record before us, we are inclined to a similar view. While certainly not a desirable habit, the mild inattention or inadvertence exhibited by petitioner does not rise to the level of incompetence. We are also mindful that the Secretary of Transportation, in his discretion, may direct petitioner to be re-examined at any time.

We conclude, therefore, that the Commonwealth has failed to establish that petitioner is incompetent to operate a motor vehicle upon the highways of Pennsylvania. Cf. Commonwealth v. Burgett, 22 Cumb. 74 (1972).[2]

### ORDER

And now, April 25, 1975, the appeal of John R. Chamberlin is sustained; the action of the secretary in suspending petitioner's privilege to operate a motor vehicle is reversed; and petitioner's said privilege is hereby reinstated.

---

2. Petitioner has failed to raise, and accordingly we do not reach the most interesting question of whether "incompetency" as that word is used in section 618(a)(1) includes omissions and violations of the nature of those committed by petitioner here, or is confined to mental and physical disability alone: Commonwealth v. Sechrist, 9 Lebanon 271 (1963); Brown's License, 40 D. & C. 2d 425 (1966). It may well be that the appropriate section under which the secretary should act in cases similar to that at bar is section 618(b)(5).