# Service by "Deputies" on Official Boards

KANE, *Attorney General*, June 6, 1975—Some time ago you asked our opinion as to whether the Secretary of the Department of Transportation may name an employe of his department to serve in his stead on the Environmental Quality Board even though such employe is not a deputy secretary of the department. In response, we advised you that such representation would be improper and that only a deputy department head could represent the Secretary on the Environmental Quality Board, O.O. No. 75-7, Op. Pa. Atty. Gen. (February 14, 1975); 5 Pennsylvania Bulletin 423.

Since the issuance of that opinion we have reviewed the question presented and have decided our earlier response was in error. It is now our opinion, and you are hereby advised, that the head of a department may delegate someone in a responsible position in his department, not necessarily a deputy secretary, to serve in his place on a board or com-

mission. Specifically, it is our conclusion that the Secretary of the Department of Transportation may name a responsible employe of the Department of Transportation to serve in his stead on the Environmental Quality Board, even though the designated employe is not a Deputy Secretary of Transportation.

The Secretary of Transportation is made a member of the Environmental Quality Board by statute, section 471 of The Administrative Code of April 9, 1929, P.L. 177, 71 P.S. §180-1, and the statute does not itself authorize substitution of designees by the named board members. However, section 213 of The Administrative Code of 1929, 71 P.S. §73, provides, in part:

"With the approval of the Governor in writing, the head of any department may authorize a named deputy to serve in his stead on any board or commission . . ."

The crux of the problem is the exact meaning of the term "named deputy." In our earlier opinion, we concluded these words referred only to a deputy department head, i.e., deputy secretary, deputy commissioner, or other similar official. We now reverse our earlier interpretation and find the words "named deputy" refer to any responsible department employe designated by the head of the department and approved by the Governor.

Normally words and phrases used in statutes should be construed according to their common and approved usage: Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. §1903. A deputy, as defined by Webster's Third New International Dictionary, is a person appointed, nominated, or elected as a substitute of another and empowered to act for him, in his name or in his behalf. Applying

this definition, a deputy would include individuals named to act or substitute for the head of a department even though not holding the official title of deputy.

This issue was brought before the courts in William H. Beard, Inc. v. State Board of Undertakers, 65 Dauph. 364 (1953), affirmed 387 Pa. 261. The petitioner appealed from the State Board of Undertakers' revocation of his corporate undertaker's license. The statute creating the board made the Secretary of Health an ex officio member and required three members to constitute a quorum. At several of the meetings considered by the court, the Secretary of Health had sent the Director of the Bureau of Vital Statistics, not a Deputy Secretary of Health, to represent him on the board and this designated representative had been the third member. The court cited section 213 of The Administrative Code in holding that the director properly sat as the representative of the secretary.

"The Board of Undertakers and the Bureau of Vital Statistics are subdivisions of the Department of Health; therefore the Director of the Bureau of Vital Statistics is a 'deputy' of the Secretary of Health within the purview of the above cited statute and, as such, is duly qualified to serve as a member of the State Board of Undertakers when so directed by his superior, the Secretary of Health, to serve 'in his stead' as provided in the statute.": 65 Dauph. 364, at 367-68.

Furthermore, there is precedent for the head of a department executing his official duties as mandated by statute through responsible employes, not necessarily deputies. In Commonwealth v. Walkinshaw, 373 Pa. 419, 96 A. 2d 384 (1953), the court recognized the validity of a notice signed by the

administrative assistant to the Director of Highway Safety issued under a statute granting power to the secretary. The court found no substance to the contention that such delegation of power was without authority, noting ". . . There is nothing in the statute to indicate a requirement that every notice be signed by the Secretary personally." 373 Pa. 419, at 421. See also McIntosh Road Materials Co. v. Woolworth, 365 Pa. 190, 74 A. 2d 384 (1950).

We conclude that "named deputies," as used in section 213 of The Administrative Code, includes responsible department personnel, not limited to actual deputy department heads. It is, therefore, our opinion, and you are hereby advised, that a department head may authorize designated responsible deputies, including responsible employes not actually deputy department heads, to serve in his stead on boards and commissions.