## Commonwealth v. Frioni

*Edward A. Mihalik*, for Commonwealth.
*John J. Ross*, for appellant.

KLEIN, *J.*, January 5, 1976—Appellant, William L. Frioni, appeals from his suspension under section 604(a)(4), which suspension further provides ". . . until sufficient proof [of restoration] from the authorities of the State of Nevada. . ."

Appellant, a native of Pennsylvania, while a resident of Nevada had his operating privileges suspended by Nevada on December 9, 1970, for driving under the influence. The certified record from the National Driver Register also shows that appellant was eligible for restoration in Nevada on December 29, 1972. However, appellant returned to Pennsylvania in 1971; has been resident here ever since, and has not had his privileges restored by Nevada.

As a result of driving without a license, appellant was suspended by the Pennsylvania Department of Transportation for one month effective August 7, 1973, and for six months effective May 8, 1975, for driving during suspension of privilege to apply for a Pennsylvania operator's license.

It is, of course, not feasible for appellant to return to Nevada to properly qualify for restoration there. Since the requirements for obtaining a Pennsylvania license are substantially similar to those in Nevada, it seems to us that simple justice dictates that appellant be given an opportunity to do so; ". . . the statute must be given a common-sense interpretation": Commonwealth v. Walkinshaw, 373 Pa. 419, 96 A. 2d 384 (1953).

For these reasons, we enter the following

## ORDER

And now, January 5, 1976, it is ordered and directed that the Department of Transportation permit appellant, William L. Frioni, to apply for a learner's permit and further permit appellant to seek to meet the requirements for obtaining an operator's license under the law, e.g., physical and eye examinations, test for knowledge of the applicable law, regulations and rules of the road, driving ability, no-fault insurance coverage, etc.