## Prudential Insurance Company of America, Appellant, *v.* Moore.

14

Argued May 8, 1940. Before SCHAFFER, C. J., DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*A. A. Vosburg,* with him *A. Floyd Vosburg,* of *Vosburg & Vosburg,* for appellant.

*Ralph G. Mastriani* and *A. C. F. Kenowski,* for appellee, were not heard.

PER CURIAM, June 24, 1940:
Plaintiff insurance company avers in its bill in equity, as amended, that Job W. Moore obtained from it three policies in which Rosella Moore, his wife, was named

as beneficiary; that she shot and killed her husband, for which crime she was indicted and sentenced on a plea of guilty to the charge of voluntary manslaughter; that she brought suit against the company claiming the insurance under these policies; that she assigned the policies to A. C. F. Kenowski, Esq.; that she took out letters of administration on the estate of her deceased husband; that, in case she does not succeed in her suit, plaintiff is informed and believes that suit will be brought by her as administratrix, or by Kenowski as her assignee, or by both; that it disclaims liability for the double indemnity provided for in the policies if the death of the insured should occur as the sole result of accidental means. The bill prays that the proceedings in the action at law brought by Rosella Moore be stayed, that a decree be entered that there is no liability on the part of the company under the double indemnity clause of the policies, and that an interpleader be framed to determine who is entitled to the proceeds of the policies and the extent to which the company is liable thereunder.

Defendant, Rosella Moore, filed a preliminary objection that plaintiff has an adequate remedy at law. The court sustained the objection and dismissed the bill.

There is no need for plaintiff company to resort to equity. Whatever defenses it has, whether arising from the alleged murder, the guilty plea of manslaughter, or the circumstances relied upon to relieve it from liability for double indemnity, can be set up in the action at law brought by defendant. As far as its apprehension of other suits is concerned, plaintiff can petition for an interpleader in the law proceedings. While such an interpleader would not have been granted prior to the adoption of Pennsylvania Rule of Civil Procedure 2306 (c) (1) because of plaintiff's denial of liability for at least part of the amount claimed—a limitation which applies also to bills of interpleader in equity *(Appeal of the Bridesburg Manufacturing Co.,* 106 Pa. 275)—

that rule has changed the practice, and, although its effective date was subsequent to the institution of defendant's suit, it is applicable to all further proceedings therein: *West Arch Building & Loan Association v. Nichols*, 303 Pa. 434, 441. Indeed, Pennsylvania Rule of Civil Procedure 2324 expressly so provides.*

After the argument before this court plaintiff filed a petition to amend its bill by adding as defendants the names of Rosella Moore, Administratrix of the Estate of Job W. Moore, deceased, and A. C. F. Kenowski, Esq. Such additions would not avail to support the jurisdiction in equity since, for the reasons stated, there is an adequate remedy at law by petition for interpleader in the pending suit. Accordingly, that petition is dismissed.

Ordinarily, where there is an adequate remedy at law, the bill should be certified to the law side of the court, but here, since an action at law already exists, the bill was properly dismissed.

Decree affirmed; costs to be paid by appellant.

---

* Rule 2302 provides that interpleader may be ordered by the court at any time during the pendency of an action. By rule 2306 (a) (1) the court may, however, deny a petition for interpleader if defendant has unreasonably delayed in filing it.