## Moore's Estate

*William B. Landis*, for exceptant.

*David J. Reedy* and *Alphonse C. F. Kenowski*, for accountant.

SANDO, P. J., July 14, 1943.—Rosella or Ella Moore, who was named as beneficiary in her husband's life insurance policies, pleaded guilty to voluntary manslaughter of her husband. He died intestate. The litigation which ensued between the insurance company and her individually and as administratrix of the estate of Jobe W. Moore, deceased, was the occasion of two opinions in the Supreme Court, viz, Prudential Insurance Company of America v. Moore, 339 Pa. 13, and Moore, Admx., v. Prudential Insurance Company of America, 342 Pa. 570.

To the supplemental account of Ella Moore, administratrix, which showed a deficit, six exceptions were filed January 14, 1943, on behalf of Albert H. Moore, a son of decedent. Five of the exceptions concluded in the middle of the second page, and the sixth exception was written at the top of the third page, which sixth exception was inadvertently overlooked by the court. The court sustained the first five exceptions pro forma. On January 16, 1943, two additional exceptions were filed. In an opinion filed March 9, 1943, the court sustained all the exceptions except the fourth and sixth.

The fourth exception was as to the failure to include the sum of $1,500 received from the insurance com-

pany. Counsel for the administratrix admitted its re-, ceipt, and this sum was accounted for in a supplemental account.

The subject matter of the sixth exception was the payment of $943.70 as "attorney fees". As to this counsel for exceptant stated that the attorneys earned the fees and the amount was not questioned, nor was the reasonableness or fairness of the fees questioned, but he contended that all of the fees should not be made a liability of the estate, but should be apportioned between Ella Moore and the estate of the decedent.

On behalf of the estate an agreement dated February 6, 1939, was offered in evidence, by which Ella Moore, administratrix of the estate of the decedent, agreed that in consideration of the professional services rendered by A. C. F. Kenowski, Esq., he should retain or be entitled to one third of the sum received from the Prudential Insurance Company. Mr. Kenowski and D. J. Reedy, Esq., both testified as to the services rendered and Mr. Reedy testified as to the value of the services rendered. The testimony was not contradicted nor was the agreement to pay impeached. Considering the circumstances, together with the statement made by counsel for exceptant, the sixth exception, filed January 14, 1943, is dismissed. The other exceptions were sustained pro forma without prejudice to the right of the parties to present them at the audit of the account, at which time they were not presented and no evidence was offered to sustain them; they are therefore dismissed.

On behalf of the heirs at law it was contended that Ella Moore is not entitled to participate in the balance appearing for distribution, as decedent met his death at her hands.

From the viewpoint in Greifer's Estate, 333 Pa. 278, and the common-law principle mentioned therein it appears that a person will not be permitted to profit by

his own wrong, and this contention would seem to be well founded, but in Moore, Admx., v. Prudential Life Insurance Company of America, 342 Pa. 570, the Supreme Court said (p. 575):

"The orphans' court is the tribunal to determine . . . to whom distribution of the estate of the insured, including the proceeds of these policies, should be made . . . If plaintiff should receive in that court any part of the proceeds of the policies, after payment of the debts of the estate and in common with other distributees, it would not be as beneficiary of the contracts of insurance, but as one entitled by the Intestate Act to a distributive share of her husband's estate regardless of the source from which it was derived."

In the foregoing opinion, in a footnote, the Supreme Court called attention to the fact that section 23 of the Intestate Act of June 7, 1917, P. L. 429, did not disinherit a person guilty of voluntary manslaughter, and suggested the act might be amended in that respect, which was acted upon, and the Act of August 5, 1941, P. L. 816, provides against an inheritance by a slayer, which act would not affect the instant case as what right the slayer had was vested before passage of the act.

In Carpenter's Estate, 170 Pa. 203, a son murdered his father, but in the absence of a statute against a slayer his assignees were awarded the fund, the court saying (p. 208):

"The intestate law casts the estate upon certain designated persons, and this is absolute and peremptory, and the estate cannot be diverted from those persons and given to other persons without violating the statute. There can be no public policy which contravenes the positive language of a statute."

In Tarlo's Estate, 315 Pa. 321, the majority of a divided court held that the estate of a father who murdered his daughter and then committed suicide was entitled to take the daughter's estate because the father

had not been "adjudged" guilty of murder within the statute banning inheritance.

And now, July 14, 1943, as Ella Moore, widow, was not "adjudged" guilty of murder in the first or second degree either as principal or as accessory, we conclude and so find that section 23 of the Intestate Act does not apply, and she is entitled to her distributive share in the estate as provided by the Intestate Act.

### Opinion sur exceptions

SANDO, P. J., November 27, 1943. — On behalf of Albert H. Moore, an heir at law of decedent, five exceptions have been filed to the adjudication filed on July 14, 1943. They are in effect a repetition of the exceptions filed to the account.

At the hearing on the exceptions counsel for exceptant did not object to the reasonableness and fairness of the counsel fees, but contended that they should be apportioned.

In consideration of the case we have again referred to the notes of testimony and we do not find that it is necessary to add to what has already been stated in our opinion filed July 14, 1943, disposing of the exceptions to the account. The facts remain the same and no case has been cited at variance with that ruling. Under the circumstances the exceptions to the payment of counsel fees are dismissed.

The widow's exemption is a gratuity under the law, based upon the existence of the family relation at the time of decedent's death: Cramm's Estate, 127 Pa. Superior Ct. 446. It is not a title or interest passing under the intestate laws; it is a gratuity by force of law and is not and never was created under the intestate laws of Pennsylvania.

While under the Intestate Act of June 7, 1917, P. L. 429, the widow may forfeit her exemption, the act does not specify the grounds upon which a forfeiture might occur, but the forfeiture clause in the statute does

show that the legislature only intended to impose the penalty upon the wife who has through some fault of her own allowed a separation to occur in the family life : 1 Remick Orphans' Court Practice, sec. 176, n. 89.

The exception to the allowance of the widow's exemption of $500 is sustained, and the accountant surcharged.

It may appear gross injustice to exceptant that Ella Moore should profit by the death of Jobe W. Moore at her hands, and one who pleads guilty of manslaughter should profit by her unlawful act. However, this was the law in Pennsylvania until the passage of the Act of August 5, 1941, P. L. 816, which provides, inter alia, that no slayer shall in any way acquire any property or receive any benefit as the result of the death of the decedent.

It is contended that this act should apply to the instant case since the money was not received until after the passage of the act; but under the Intestate Act of June 7, 1917, P. L. 429, the interest of Ella Moore vested, eo instanti, at the death of decedent, and the Statutory Construction Act of May 28, 1937, P. L. 1019, expressly provides that "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature". Such an intention is not made manifest by the Act of 1941.

The third exception is dismissed.

The rule for commissions is compensation for responsibility incurred and labor performed: 1 Hunter's Orphans' Court Practice 135.

The fifth exception is dismissed.

And now, November 27, 1943, after hearing and upon due consideration of the exceptions filed to the adjudication of the account of Ella Moore, administratrix of the estate of Jobe W. Moore, deceased, and in accordance with our rulings herein contained, the adjudication is confirmed absolutely.