Merner, Appellant, *v.* Department of Highways.

Argued November 17, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Frederick Ely Smith,* with him *Ross & Smith,* for appellants.

*Donald W. Vanartsdalen,* with him *Isaac J. Vanartsdalen,* for Borough of Doylestown, appellee.

*Robert M. Mountenay,* with him *Phil H. Lewis,* Deputy Attorney General, *Frank F. Truscott,* Attorney General and *Smith & Mountenay,* for Commonwealth of Pennsylvania, appellee.

*William F. Heefner,* with him *Russell C. Bartman, Henry W. A. Hanson, Jr.* and *Willard S. Curtin,* for State Public School Building Authority, appellee.

OPINION BY MR. JUSTICE JONES, January 4, 1954:

The question in this case is one of jurisdiction. The plaintiffs, a husband and wife, filed in the Court of Common Pleas of Bucks County their bill in equity in which they averred their ownership of real estate located within the county and that the defendants, pursuant to a common plan for highway improvement and school property grading, had changed and diverted the natural flow of drainage water onto the plaintiffs' property with resultant serious and continually increasing damage thereto. The bill prayed for an injunction restraining the defendants from further diversion of the drainage and requiring them to install

proper conduits to correct the existing condition. Each of the defendants filed preliminary objections, questioning, inter alia, the jurisdiction of the court on the ground that, as to two of the defendants, viz., the Secretary of the Department of Highways of the Commonwealth and the State Public School Building Authority, the Court of Common Pleas of Dauphin County had exclusive judisdiction. The learned court below sustained the objections and dismissed the bill. From the decree so entered, the plaintiffs brought this appeal.

Article I, Section 11, of the Pennsylvania Constitution provides that "Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." In an exercise of this express constitutional provision, the legislature by Act of May 26, 1931, P.L. 191, 12 PS §105, vested jurisdiction of actions against the Commonwealth in the Court of Common Pleas of Dauphin County. The procedure has since been carried forward and its scope specified with greater detail for equity practice by Equity Rule 1503 (c) of the Pennsylvania Rules of Civil Procedure which provides that "An action against the head of an executive or administrative department, a departmental administrative board or commission or an independent administrative board or commission, or an officer or instrumentality of the Commonwealth may be brought in and only in Dauphin County."

The bill in the instant case was filed on June 30, 1952. The Equity Procedural Rules became effective one day later, viz., July 1, 1952: see Rule 1536. While, as a practical matter, it would make no difference in the result whether the question here involved were decided according to the provisions of the Act of 1931, supra, or in accordance with Equity Rule 1503 (c),

Rule 1536 expressly provided that the new Equity Rules should apply to all actions pending upon the effective date of such Rules. The matter being one of procedure, the direction as to the immediate application of the Rules to all pending actions was, of course, competent: see *Agostin v. Pittsburgh Steel Foundry Corp.*, 354 Pa. 543, 549, 47 A. 2d 680.

The Secretary of Highways is the head of an executive department, and the State Public School Building Authority is an instrumentality of the Commonwealth. The Act of July 5, 1947, P.L. 1217, as amended by the Act of April 20, 1949, P.L. 636, 24 PS §791.1 et seq., which created the Authority specifically designated it as "a body corporate and politic, constituting a public corporation and governmental instrumentality" and declared that "The Authority is created for the purpose of constructing, improving, maintaining and operating, public school buildings, and furnishing and equipping the same for use as public schools, as a part of the public school system of the Commonwealth of Pennsylvania under the jurisdiction of the Department of Public Instruction."

It follows, therefore, that the Court of Common Pleas of Bucks County could not acquire judisdiction of either of the above-named defendants. As they are indispensable parties to the action, according to the averments and prayers of the bill (see *Fineman v. Cutler*, 273 Pa. 189, 193, 116 A. 819), the learned court below properly dismissed the bill upon sustaining the defendants' preliminary objections to the jurisdiction.

The Acts of Assembly[1] cited by the appellants, which conferred jurisdiction on local courts of com-

---

[1] Act of June 13, 1836, P. L. 568, Section 79, 12 PS §101; Act of July 9, 1901, P. L. 614, Section 1, 12 PS §298; and Act of April 6, 1859, P. L. 387, Section 1, 12 PS §1254.

mon pleas in respect of pleas of land, neither mention nor evidence an intention to embrace actions where the Commonwealth is a party defendant. In *Culver v. Commonwealth*, 348 Pa. 472, 475, 35 A. 2d 64, we quoted from *Tunison v. Commonwealth*, 347 Pa. 76, 78, 31 A. 2d 521, that " 'it is axiomatic that a statute is never presumed to deprive the state of any prerogative, right or property unless the intention to do so is clearly manifest, either by express terms or necessary implication. *Baker et al. v. Kirschnek et al.*, 317 Pa. 225; *Commonwealth v. Trunk et al.*, 320 Pa. 270; see 59 C.J. 1103, §653.' " With reference to the Act there involved we noted that it did "not specifically mention the Commonwealth nor does it indicate any intendment on the part of the legislature to deprive the State of its nonliability for the payment of interest on its obligations. When the legislature has such an intention it will clearly express it in a statute. It is not for us to deprive the State of any part of its sovereignty." The same is equally true here. We may not read into the cited Acts an inclusion of the Commonwealth as a party defendant especially when such jurisdiction has been otherwise statutorily prescribed.

Decree affirmed at the appellants' costs.