### Doocey v. Commonwealth

*Frank A. Doocey,* for plaintiffs.

*Donald E. Wieand,* of *Butz, Hudders, Tallman & Rupp,* and *Ray R. Brennen,* for defendants.

HENNINGER, P. J., January 5, 1960.—Plaintiffs, owners of land condemned by the Commonwealth of Pennsylvania for road purposes, have applied to the Court of Quarter Sessions of Lehigh County for the appointment of viewers and have brought this bill in equity for discovery to compel the Commonwealth and an adjoining landowner to produce all of the records pertaining to its settlement with said landowner.

Plaintiffs have discontinued their action as against the adjoining landowner and the contest is now solely between plaintiffs and the Commonwealth, which has filed preliminary objections: (1) To the jurisdiction of this court over the Commonwealth of Pennsylvania; (2) to its jurisdiction over a bill for discovery related to proceedings before viewers; (3) to the jurisdiction of this court to entertain an action instituted by a rule to show cause; and (4) by way of demurrer because (a) the Commonwealth is immune from discovery (b) irrelevant information is sought (c) no discovery action exists for a case in the quarter sessions court.

In order to obtain the relief sought, plaintiffs must clear these hurdles: (1) The Commonwealth is a sovereign and subject to suit only as, where and upon the terms it has set down; (2) anyone suing the Commonwealth elsewhere than in Dauphin County must

point to specific authorization for such venue; (3) discovery is available solely in the court of common pleas; (4) the information sought must not have been gathered in preparation for trial; and (5) it must be relevant and material.

The prevailing law is that a sovereign cannot be sued without its consent: Collins v. Commonwealth, 262 Pa. 572, 575, 580.

The Constitution of Pennsylvania in article 1, sec. 11, provides, inter alia: ". . . Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct. . . ." A statute, however, " ' ". . . is never presumed to deprive the state of any prerogative, right or property unless the intention to do so is clearly manifest, either by express terms or necessary implication. Baker v. Kirschnek, 317 Pa. 225: . . ." ' " Merner v. Department of Highways, 375 Pa. 609, 613.

The latest rule upon this subject is Pa. R. C. P. 1503(c) which reads:

"An action against the head of an executive or administrative department, a departmental administrative board or commission or an independent administrative board or commission, or an officer or instrumentality of the Commonwealth may be brought in and only in Dauphin County."

The rule promulgated under the authority of the Act of June 21, 1937, P. L. 1982, sec. 1, 17 PS §61 (pocket parts) constitutes the present legislative expression of "in which courts" suits against the Commonwealth shall be brought. It supersedes (Pa. R. C. P. 1550(24) ) the Act of May 26, 1931, P. L. 191, 12 PS §§104, 105, which was to the same effect, although in different words.

If it be contended that jurisdiction lies in the equity courts of Lehigh County because of its extraterritorial

jurisdiction where it deals with property or a part of the property which is located in that county (Pa. R. C. P. 1503(*a*) (2) ), the answer is supplied by the case of Merner v. Department of Highways, supra. It is there stated, page 612, that in the Act of June 13, 1836, P. L. 568, sec. 79, 12 PS §101, which was suspended and superseded by Pa. R. C. P. 1503(*a*) (2), there is neither mention nor evidence of an intention to embrace actions where the Commonwealth is a party defendant.

While discovery no longer must be effected by a separate action in equity but is now a procedural step in the original action (Pa. R. C. P. 4001 to 4025, inc.), this avails plaintiffs nothing for the procedural rules do not apply to actions in the court of quarter sessions.

Plaintiffs point out, however, that while bills for discovery had to be brought in a separate action in equity, courts have recognized that they are merely ancillary to a pending action. They candidly concede, however, that they can show no precedent for invoking discovery procedures in matters in the court of quarter sessions. The act conferring discovery powers upon the courts of common pleas relates to ". . . issues, and other questions arising or depending in the *said* courts": Section 13 of the Act of June 16, 1836, P. L. 784, 17 PS §282 (Italics supplied). It has been held, moreover, that discovery does not lie in criminal matters: Commonwealth v. Smith, 67 D. & C. 598, 602.

The case of Commonwealth v. Berks County, 364 Pa. 447, which permitted assertion of a counterclaim against the Commonwealth in the county in which the Commonwealth had already brought suit, is limited to the use of a counterclaim as a setoff. In that case, Berks County had originally asked for a certificate in its favor. This was refused, but the counterclaim was permitted merely as a setoff to the Commonwealth's

claim. This bill for discovery, ancillary though it may be, is an independent action against the Commonwealth of Pennsylvania. In the absence of any precedent for its extension to the court of quarter sessions or for its operation as an exception to the rule for venue in Dauphin County, we must rule that we have no jurisdiction to entertain plaintiffs' bill.

Taking this view of the case, we are not required to pass upon the other preliminary objections.

Now, January 5, 1960, preliminary objections raising questions of jurisdiction are sustained and plaintiffs' bill in equity in above captioned action is dismissed for lack of jurisdiction in this court.