## McFall v. Covedill

*Alan Schwartz,* for plaintiffs.

*Daniel J. Ryan and John W. Walter,* for defendants.

GUARINO, *J.,* January 26, 1977 — The single question presented is whether after a Certificate of Readiness has been filed in a case granted major listing status, plaintiff may be required to (1) answer interrogatories filed prior to the filing of the certificate, and (2) submit to medical examination.

Philadelphia Common Pleas Court Rule 150

provides that when the case is ready for trial, the parties must certify that all discovery has been completed. Clarifying the operation of the rule on successive dates of February 20, and March 1, 1976, a "Notice to the Bar" was published in the Legal Intelligencer, explaining in essence that in cases other than those having major case status, once a certificate of readiness has been filed, no further discovery is allowable without prior court permission and good cause shown.

This being a major case, the proscription against discovery does not apply. Plaintiff's contention that the referenced notice to the bar changing a prior policy should not apply where a certificate of readiness was filed prior to the policy change, is without merit. This being a procedural matter and not one affecting the substantive rights of the parties, the argument is unavailing. A rule of court, which relates only to procedure and in no way affects the rights of the parties, applies to any future proceedings in a pending litigation: Merner v. Department of Highways, 375 Pa. 609, 101 A.2d 759 (1954); Prudential Insurance Co. v. Moore, 339 Pa. 13, 14 A.2d 277 (1940).

Accordingly, it is ordered that:

(1) Plaintiff shall provide the names and addresses of all doctors, hospitals, and nurses which have provided treatment to plaintiff and any and all information sought by defendant as to special damages.

(2) Defendants shall schedule the orthopedic examination of Rodney D. McFall by Doctor William H. Simon within ten days from the date hereof to be conducted within 60 days from the date hereof, or be precluded from offering any evidence on the issue of damages at trial.