Delaware River Port Authority of Pennsylvania and New Jersey, Petitioner *v.* Commonwealth of Pennsylvania, Board of Arbitration of Claims, Respondent.

James A. Dietrich, Petitioner *v.* Delaware River Port Authority of Pennsylvania and New Jersey, Respondent.

Argued March 6, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, CRAIG and MACPHAIL. Judges BLATT and DISALLE did not participate.

*Jeffrey B. Albert*, with him, of counsel, *Fox, Rothschild, O'Brien & Frankel*, for Delaware River Port Authority of Pennsylvania and New Jersey.

*Edwin B. Barnett*, with him *Strong, Barnett, Hayes & Hamilton*, for James A. Dietrich.

*Nathan H. Waters, Jr.*, for Board of Arbitration of Claims.

OPINION BY PRESIDENT JUDGE BOWMAN, August 30, 1979:

A question of the proper forum in which to pursue an employment contract claim against the Delaware River Port Authority of Pennsylvania and New Jersey (Port Authority) is presently before us in two postures. Docketed at No. 1525 C.D. 1978 is a petition for review (addressed to our appellate jurisdiction) of an order of the Board of Arbitration of Claims (Board)[1] overruling the Port Authority's preliminary

---

[1] The Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. §4651-1 et seq. by which the Board was created was extensively amended by the Act of October 5, 1978, P.L. 1104. In addition to changing the name of the Board, its jurisdiction was enlarged to encompass additional classes of claims. These amendments, however, do not effect the issues raised here.

objections challenging the Board's jurisdiction over it. Docketed at No. 1389 C.D. 1977 is an original jurisdiction action initiated by James A. Dietrich, who alleges that the Port Authority discharged him from his position as an engineer in violation of his employment contract. By order dated October 14, 1977, we raised sua sponte the question of our jurisdiction. We now conclude that neither the Board nor this Court has jurisdiction over the Port Authority.

The Board, in finding that the Port Authority was an agency of the Commonwealth within its jurisdiction, failed to give full import to the Supreme Court decision in *Yancoskie v. Delaware River Port Authority* (hereinafter *Yancoskie*), 478 Pa. 396, 387 A.2d 41 (1978). In the context of entitlement to immunity from suit in trespass, the Supreme Court thoroughly analyzed the legislative history and powers of the Port Authority and concluded that it was "not an integral part of the Commonwealth." Its financial independence, extensive implied powers and relative freedom from "close connection" with Commonwealth agencies warranted instead a status analogous to that of the Pennsylvania Turnpike Commission;[2] immunity from suit in trespass was thus denied.

The absence of an integral attachment of the Port Authority to the Commonwealth also precludes the exercise of jurisdiction by the Board over the Port Authority. The scope of the Board's authority is defined by Section 1 of the Act of May 20, 1937, which provides "the duty of [the Board] shall be to arbitrate claims against the Commonwealth arising from contracts entered into by the Commonwealth. . . ." We find substantial merit in affirming the classification scheme developed in *Yancoskie* and conclude that the Port Authority is not within the ambit of "Com-

---

[2] *See Specter v. Commonwealth*, 462 Pa. 474, 341 A.2d 481 (1975).

monwealth" as required for the invocation of the Board's jurisdiction. The order of the Board dated June 8, 1978, is, therefore, reversed.

Similarly, we find the Port Authority not to be within the statutory perimeters of the original jurisdiction of this Court. Section 401(a) of the Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P.L.673, *formerly* 17 P.S. §211.401(a)[3] provided that this Court "shall have original jurisdiction of: (1) All civil actions or proceedings against the Commonwealth. . . ." Section 102 of the ACJA defined "Commonwealth" as encompassing "departments, departmental administrative boards and commissions, officers, independent boards or commissions, authorities and other agencies of this Commonwealth."[4] The Port Authority, described in its charter as a "public corporate instrumentality of the Commonwealth of Pennsylvania and the State of New Jersey," is not within such definition.

The conclusion that jurisdiction does not lie with this Court is consistent with prior decisional law. Repeatedly, we have dismissed actions based on alleged violations of contracts with the Commonwealth on the ground such actions were within the exclusive jurisdiction of the Board. *See Vespaziani v. Department of Revenue*, Pa. Commonwealth Ct. , , 396 A. 2d 489, 490 (1979); *Koynok v. Department of Education*, 11 Pa. Commonwealth Ct. 556, 558, 314 A.2d 355, 356 (1973); *Kreider v. Pennsylvania Human Relations Commission*, 9 Pa. Commonwealth Ct. 491, 493, 308 A.

---

[3] The ACJA was repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1443]. A provision comparable to Section 401 is found at 42 Pa. C.S. §761.

[4] The Judicial Code, which replaced the ACJA, contains a similar definition of the term "Commonwealth government" which is used in §761 of the Judicial Code.

2d 642, 643 (1973). Thus, the original jurisdiction action brought in this Court is inappropriate as we enjoy no jurisdiction over causes asserted in contract against the Commonwealth broader than that enjoyed by the Board.

In light of these conclusions and pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103 (a), we reverse the order of the Board of Arbitration of Claims and transfer the original jurisdiction petition for review to the appropriate court of common pleas.

ORDER

Now, August 30, 1979, the order of June 8, 1978 of the Board of Arbitration of Claims holding in part that the Board had jurisdiction over the Delaware River Port Authority of Pennsylvania and New Jersey is hereby reversed, and the complaint filed by James A. Dietrich with the Board is hereby dismissed. The petition for review docketed at No. 1389 C.D. 1977 is hereby transferred to the Court of Common Pleas of Philadelphia County. The Chief Clerk shall certify to the Prothonotary of said court a photocopy of the docket entries of the above petition for review and transmit to him the record thereof.