## STATE PUBLIC SCHOOL BUILDING AUTHORITY, Petitioner,

### v.

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1995.

Decided Feb. 6, 1996.

---

Jose E. Morales, for Petitioner.

Conrad A. Falvello, for Respondent.

Before PELLEGRINI and KELLEY, JJ., and RODGERS, Senior Judge.

KELLEY, Judge.

The State Public School Building Authority (Authority) appeals from the January 27, 1995 order of the Court of Common Pleas of Luzerne County (trial court) which denied the Authority's preliminary objection to a complaint filed by the Hazleton Area School District (School District).[1]

In December 1988, the Authority and the School District entered into a Construction Management Agreement (Construction Agreement) pursuant to which the Authority would oversee construction work on a new high school in Hazleton, Pennsylvania.[2] The School District began occupying the completed high school in September 1993. On Janu-ary 18, 1994, the roof of the new high school collapsed under the weight of snow.

On July 15, 1994, the School District filed a complaint with the trial court seeking damages for the collapse of the roof. The School District alleged the existence of defects in the design and/or construction of the high school and named the Authority as one of the defendants in its complaint.[3] The School District specifically alleged that the Authority's performance under the Construction Agreement had been careless, reckless and/or negligent. As such, the Authority had breached its contractual and/or other obligations to the School District, and the School District had incurred damages as a result.

On August 15, 1994, the Authority filed with the trial court a preliminary objection to the School District's complaint. In its objection, the Authority stated that the trial court did not have subject matter jurisdiction over the School District's cause of action against the Authority and that original jurisdiction was vested in the Commonwealth Court pursuant to section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1).[4] By revised order dated January 27, 1995,[5] the trial court denied the Authority's preliminary objection to the School District's complaint.

The Authority petitioned the trial court to amend its January 27, 1995 interlocutory order to include the certification required by section 702(b) of the Judicial Code[6] so as to

1. This case was argued seriately with *Hazleton Area School District v. Bosak* (506 C.D.1995) and *Robert A. Bosak & Associates v. Hazleton Area School District* (507 C.D.1995).

2. We note that, pursuant to a Loan Agreement dated as of December 15, 1988, the School District borrowed money from the Authority to pay for the construction of the new high school, together with related equipment and site improvements. In November 1989, the Authority entered into a written agreement with the School District and Robert A. Bosak & Associates, an architectural firm, for the design, engineering and construction of the new high school. In April 1990, the Authority entered into a Construction Contract Agreement with Lambert and Intreri, Inc., a general contractor, for the construction of the new high school.

3. The other defendants named in the complaint were: (1) Robert A. Bosak, individually, as architect and engineer; (2) William D. Bast, individually, as engineer; (3) William D. Bast and Associates, P.C., as consulting engineers; (4) Lambert and Intreri, Inc., as general contractor; and (5) United States Fidelity and Guaranty Company, as construction bonding insurance company acting as surety for services performed by the general contractor.

4. Pursuant to section 761(a)(1) of the Judicial Code, the Commonwealth Court shall have original jurisdiction of all civil actions or proceedings against the Commonwealth government, including any officer thereof, acting in his official capacity, with certain limited exceptions. 42 Pa. C.S. § 761(a)(1).

5. We note that the trial court's revised order dated January 27, 1995 merely corrected a typographical error which had been made on the trial court's original order dated January 26, 1995.

6. Section 702(b) of the Judicial Code provides that where a trial court or a governmental unit believes that its interlocutory order involves a

allow the Authority to seek permission to appeal the denial of its preliminary objection to this court. The trial court refused to certify its order as presenting a controlling issue of law, thereby precluding an interlocutory appeal pursuant to section 702(b) of the Judicial Code. The Authority nonetheless filed with this court a petition for permission to appeal which this court treated as a petition for review pursuant to the Note to Pa. R.A.P. 1311.[7] By order dated June 5, 1995, this court granted the Authority's petition for review and permitted an appeal from the trial court's January 27, 1995 order denying the Authority's preliminary objection to the School District's complaint. The present appeal to this court followed.

In this appeal, the Authority raises the sole issue of whether the trial court erred in denying the Authority's preliminary objection because the trial court had no jurisdiction over the Authority since the Authority is the Commonwealth government.

■ Initially, we note that our scope of review of a decision by a trial court is limited to a determination of whether the trial court violated constitutional rights, abused its discretion or committed an error of law. *Long v. Thomas*, 152 Pa.Cmwlth. 416, 619 A.2d 394 (1992), *petition for allowance of appeal denied*, 535 Pa. 641, 631 A.2d 1012 (1993). Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. *Bower v. Bower*, 531 Pa. 54, 611 A.2d 181 (1992). The test is whether it is clear from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his or her right to relief. *Firing v. Kephart*, 466 Pa. 560, 563, 353 A.2d 833, 835 (1976).

■ The Authority argues that it is not subject to the jurisdiction of the trial court with respect to the School District's claims because the Authority is legally considered to be the "Commonwealth government" and the trial court does not have jurisdiction over the "Commonwealth government." We agree.

The original jurisdiction of this court is set forth in section 761 of the Judicial Code, 42 Pa.C.S. § 761, which provides, in pertinent part, as follows:

(a) **General Rule.**—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

(1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

*     *     *     *     *     *

(iv) actions or proceedings conducted pursuant to the act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Claims Act.

Pursuant to section 102 of the Judicial Code, the "Commonwealth government" is defined as follows:

The government of the Commonwealth, including the courts and other officers or agencies of the unified judicial system, the General Assembly and its officers and agencies, the Governor, and the departments, boards, commissions, authorities and officers and agencies of the Commonwealth, but the term does not include any political subdivision, municipal or other local authority, or any officer or agency of any such political subdivision or local authority.

42 Pa.C.S. § 102.

Our threshold inquiry in the present case focuses upon whether the Authority should

---

controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in its order. 42 Pa.C.S. § 702(b). The inclusion of such language allows a party to seek permission to appeal an otherwise unappealable interlocutory order. Pennsylvania Rule of Appellate Procedure 1311.

**7.** The Note to Pa.R.A.P. 1311 provides, in pertinent part, as follows:

Where the administrative agency or lower court refuses to amend its order to include the prescribed statement, a petition for review under Chapter 15 of the unappealable order of denial is the proper mode of determining whether the case is so egregious as to justify prerogative appellate correction of the exercise of discretion by the lower tribunal. If the petition for review is granted in such a case, the effect ... is the same as if a petition for permission to appeal had been filed and granted, and no separate petition for permission to appeal need be filed.

legally be considered to be the "Commonwealth government." If so, then the trial court improperly exercised jurisdiction over the Authority with respect to the School District's claims.

Article III, section 14 of the Pennsylvania Constitution states that "[t]he General Assembly shall provide for the maintenance and support of a thorough and efficient system of public education to serve the needs of the Commonwealth." The Authority was created pursuant to the State Public School Building Authority Act (Act)[8] for the purposes of acquiring, financing, refinancing, constructing, improving, furnishing, equipping, maintaining and operating buildings for public school and educational broadcasting facilities for use as a part of the public school system of the Commonwealth of Pennsylvania under the jurisdiction of the Department of Education. 24 P.S. § 791.4.

Our Supreme Court ruled on the status of the Authority in *Merner v. Department of Highways*, 375 Pa. 609, 101 A.2d 759 (1954).[9] In *Merner*, landowners filed a bill in equity in the Court of Common Pleas of Bucks County against the Secretary of the Department of Highways and the Authority to enjoin the diversion of drainage water onto the landowners' property which had resulted from highway improvements and school property grading. The Secretary of the Department of Highways and the Authority filed preliminary objections asserting that the Court of Common Pleas of Dauphin County, and not the Court of Common Pleas

of Bucks County, had exclusive jurisdiction over these two parties because they were the "Commonwealth."

The Court of Common Pleas of Bucks County granted the preliminary objections and dismissed the bill in equity. The landowners then appealed to the Supreme Court. In reviewing the jurisdictional issue, our Supreme Court examined the purposes of the Authority and concluded that the Court of Common Pleas of Bucks County could not acquire jurisdiction over the Authority. *Merner*, 375 Pa. at 612, 101 A.2d at 760–61. Our Supreme Court's decision in *Merner* is controlling in the present case.[10]

We recognize that nearly twenty-five years after *Merner* was decided, our Supreme Court articulated a "financial independence" analysis for determining when an authority created by the Pennsylvania General Assembly was to be considered the "Commonwealth." *Yancoskie v. Delaware River Port Authority*, 478 Pa. 396, 387 A.2d 41 (1978).[11] In *Yancoskie*, our Supreme Court stated that the Delaware River Port Authority was financially independent of the Commonwealth because it raised revenue by means of bonds and satisfied those obligations by toll and other user charges. 478 Pa. at 401–02, 387 A.2d at 44. In addition, the Delaware River Port Authority's debts were not Commonwealth obligations. *Id.* at 402, 387 A.2d at 44. Largely because the Delaware River Port Authority was financially independent of the Commonwealth, our Supreme Court con-

---

**8.** Act of July 5, 1947, P.L. 1217, *as amended,* 24 P.S. §§ 791.1—791.17.

**9.** Prior to the establishment of this court, the Legislature vested jurisdiction of actions against the Commonwealth in the Court of Common Pleas of Dauphin County. *Merner;* Act of May 26, 1931, P.L. 191, *formerly* 12 P.S. § 105, repealed by section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. § 20002(a) [1118]. *Merner* was decided prior to the establishment of this court.

**10.** The Act states that the Authority has the right "[t]o sue and be sued, implead and be impleaded, complain and defend, in all courts." 24 P.S. § 791.4(b). However, we note that this same language was included in the original enabling legislation which created the Authority and was in effect prior to our Supreme Court's decision in

*Merner. See* Act of July 5, 1947, P.L. 1217. Given our Supreme Court's decision in *Merner*, we must conclude that this statutory language means that the Authority, as the "Commonwealth," can only sue and be sued in all courts which properly have jurisdiction over the Commonwealth as a party.

**11.** The "financial independence" analysis has been used by this court in cases decided subsequent to *Yancoskie. See Southeastern Pennsylvania Transportation Authority v. Union Switch & Signal, Inc.,* 161 Pa.Cmwlth. 400, 637 A.2d 662, *petition for allowance of appeal denied,* 538 Pa. 662, 648 A.2d 792 (1994); *Pennsylvania Housing Finance Agency v. Abreen Corporation,* 84 Pa. Cmwlth. 571, 480 A.2d 335 (1982); and *Delaware River Port Authority v. Board of Arbitration of Claims,* 45 Pa.Cmwlth. 281, 405 A.2d 600 (1979).

cluded that it was not an integral part of the Commonwealth and could not claim sovereign immunity from suit in trespass. *Id.* at 405–06, 387 A.2d at 46.

While *Yancoskie* set forth a "financial independence" analysis for assisting in the evaluation of whether an authority, in general, was to be considered the "Commonwealth," we nonetheless conclude that *Merner* is still controlling in the present case because, in *Merner*, the Supreme Court specifically addressed whether the Authority, in particular, was to be considered the "Commonwealth." Cases which have been decided subsequent to *Yancoskie* have not dealt with or reassessed how the Authority, in particular, is to be treated for jurisdictional purposes. Our conclusion, based on *Merner*, that the Authority is the "Commonwealth" is further supported by the fact that the Authority plays an integral role in carrying out the Commonwealth's constitutional duty to provide for the maintenance and support of a thorough and efficient system of public education. *See* Pa. Const. art. III, § 14.

■ Because we have concluded that the Authority is the "Commonwealth government" for jurisdictional purposes, we must now consider whether this court has original jurisdiction over the School District's specific claims against the Authority.

As previously noted, this court has original jurisdiction over all civil actions or proceedings against the Commonwealth government except, *inter alia*, actions or proceedings conducted pursuant to what is commonly referred to as the Board of Claims Act.[12] 42 Pa.C.S. § 761(a)(1)(iv). Section 4 of the Board of Claims Act provides that the Board of Claims shall have exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts entered into with the Commonwealth where the amount in controversy exceeds $300.00. 72 P.S. § 4651–4.

In Count V of its complaint, the School District specifically alleged that the Authority had breached the Construction Agreement which it had entered into with the School District. R. at 44a–49a. The School District further alleged that as a result of the Authority's breach of the Construction Agreement, the School District incurred damages when the roof of the new high school collapsed. The School District requested damages in excess of $20,000.00, plus interest and costs. Given the nature of the School District's claims against the Authority, we conclude that original jurisdiction is properly vested with the Board of Claims.[13]

Accordingly, Paragraph 3 of the trial court's order, which denied the Authority's preliminary objection, is reversed. In addition, Count V of the School District's complaint, setting forth the School District's allegations against the Authority, is severed and is transferred to the Board of Claims which is the tribunal with exclusive jurisdiction over the School District's contract claims against the Authority.[14]

---

12. Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. §§ 4651–1 to 4651–10.

13. We note that this conclusion appears to be inconsistent with our determinations in *Hazleton Area School District v. Bosak et al.* (506 C.D. 1995) and *Robert A. Bosak & Associates v. Hazleton Area School District* (507 C.D.1995). However, there is an important difference between the nature of the claims made against the various parties to this litigation. The School District has asserted tort claims sounding in negligence against Robert A. Bosak, the architect and engineer connected with the construction of the new high school in Hazleton, Pennsylvania. Significantly, the School District has not asserted a breach of contract claim against Bosak in its complaint. In complete contrast, the School District's claims against the Authority in its complaint are for breach of the Construction Agreement.

14. Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103, provides as follows:

(a) **General rule.**—If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or district justice of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magis-

## ORDER

NOW, this 6th day of February, 1996, it is hereby ordered:

1. Paragraph 3 of the order of the Court of Common Pleas of Luzerne County, dated January 27, 1995, at No. 3868–C of 1994, which denied the preliminary objection filed by the State Public School Building Authority, is reversed.

2. Count V of the complaint filed by the Hazleton Area School District is severed and is transferred to the Board of Claims.

3. The Court of Common Pleas of Luzerne County shall certify the record, with respect to Count V of the complaint, to the Board of Claims on or before March 18, 1996.

Jurisdiction relinquished.

RODGERS, Senior Judge, dissents.

terial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.