**FAIRFIELD AREA SCHOOL DISTRICT,** Gettysburg Area School District, Upper Adams School District, Littlestown Area School District, Bermudian Springs School District, Centennial School District, Quakertown Community School District, Butler Area School District, Karns City Area School District, Mars Area School District, Moniteau Area School District, Seneca Valley School District, Slippery Rock Area School District, South Butler County School District, Penn Cambria School District, Blacklick Valley School District, Greater Johnstown School District, Central Cambria School District, Downingtown Area School District, Phoenixville Area School District, Great Valley School District, Octorara Area School District, Oxford Area School District, Coatesville Area School District, Avon Grove School District, Owen J. Roberts School District, Bald Eagle Area School District, Penns Valley Area School District, State College Area School District, Bellefonte Area School District, Crawford Central School District, Penncrest School District, Carlisle Area School District, Big Spring School District, South Middleton School District, Mechanicsburg School District, Derry Township School District, East Pennsboro School District, Harrisburg School District, Central Dauphin School District, Halifax School District, Millersburg Area School District, Ridley School District, Rose Tree Media School District, Chester–Upland School District, William Penn School District, Haverford Township School District, Penn–Delco School District, Springfield School District, Wallingford–Swarthmore School District, Southeast Delco School District, Northwestern Area School District, Chambersburg Area School District, Waynesboro Area School District, Greencastle–Antrim School District, Tuscarora School District, Shippensburg Area School District, Blairsville–Saltsburg School District, Indiana Area School District, Penns Manor

Area School District, Homer Center School District, Brookville Area School District, Punxsutawney Area School District, Columbia Borough School District, Conestoga Valley School District, Elizabethtown Area School District, Ephrata Area School District, Donegal Area School District, Hempfield Area School District, Lampeter–Strasburg School District, Manheim Central School District, Manheim Township School District, Penn Manor School District, Pequea Valley School District, Solanco School District, Warwick School District, Cornwall–Lebanon School District, Eastern Lebanon County School District, East Stroudsburg Area School District, Pleasant Valley School District, Pocono Mountain Area School District, Stroudsburg Area School District, Abington School District, Cheltenham Township School District, Hatboro–Horsham School District, Pottsgrove Area School District, Pottstown School District, Souderton Area School District, Spring–Ford Area School District, Upper Dublin School District, Upper Merion Area School District, Upper Perkiomen School District, West Perry School District, Newport School District, School District of Philadelphia, Delaware Valley School District, Cranberry Area School District, Franklin Area School District, Oil City Area School District, Valley Grove School District, Belle Vernon Area School District, Kiski Area School District, Ligonier Valley School District, Burrell School District, Franklin Regional School District, Greater Latrobe School District, Tunkhannock School District, York Suburban School District, Dover Area School District, Eastern York Area School District, Southern York County School District, Southeastern School District, West Shore School District, Spring Grove School District, West York Area School District, Red Lion School District; Robert Frick, in his individual capacity; and John McKelligott, in his individual capacity, Appellants,

v.

The NATIONAL ORGANIZATION FOR CHILDREN, INC., a/k/a Einstein Academy, a/k/a, T.E.A.C.H. Charter School a/k/a, TEACH—The Einstein Academy Charter School, a/k/a, The E–Academy Charter School, and a/k/a T.E.A.C.H. The E–Academy Charter School; Tutorbots, Inc.; Mimi Rothschild, a/k/a Mimi Roth, a/k/a/ Mimi Rothchild, a/k/a Miriam Mandell; Howard Mandell, a/k/a Howie Mandell; Murray Popkave; Linda Cruz; Anna Friedrich; Agnes Mae Smith; Nesbeth Lane, a/k/a Nesbith Lane; Dr. Lillian Kuretu, a/k/a Dr. Lillian Kuratu, M.D.; Barry Delit; Tim Albrecht; Dan Malloy; Clyde Middleton; Richard Lawrence and John and/or Jane Does.

Fairfield Area School District, Gettysburg Area School District, Upper Adams School District, Littlestown Area School District, Bermudian Springs School District, Altoona Area School District, Bellwood–Antis School District, Centennial School District, Quakertown Community School District, Butler Area School District, Karns City Area School District, Mars Area School District, Moniteau Area School District, Seneca Valley School District, Slippery Rock Area School District, South Butler

County School District, Penn Cambria School District, Blacklick Valley School District, Greater Johnstown School District, Central Cambria School District, Downingtown Area School District, Phoenixville Area School District, Great Valley School District, Octorara Area School District, Oxford Area School District, Coatesville Area School District, Avon Grove School District, Owen J. Roberts School District, Bald Eagle Area School District, Penns Valley Area School District, State College Area School District, Bellefonte Area School District, Crawford Central School District, Penncrest School District, Carlisle Area School District, Big Spring School District, South Middleton School District, Mechanicsburg School District, Derry Township School District, East Pennsboro School District, Harrisburg School District, Central Dauphin School District, Halifax School District, Millersburg Area School District, Ridley School District, Rose Tree Media School District, Chester–Upland School District, William Penn School District, Haverford Township School District, Penn–Delco School District, Springfield School District, Wallingford–Swarthmore School District, Southeast Delco School District, Northwestern Area School District, Chambersburg Area School District, Waynesboro Area School District, Greencastle–Antrim School District, Tuscarora School District, Shippensburg Area School District, Blairsville–Saltsburg School District, Indiana Area School District, Penns Manor Area School District, Homer Center School District, Brookville Area School District, Punxsutawney Area School District, Columbia Borough School District, Conestoga Valley School District, Elizabethtown Area School District, Ephrata Area School District, Donegal Area School District, Hempfield Area School District, Lampeter–Strasburg School District, Manheim Central School District, Manheim Township School District, Penn Manor School District, Pequea Valley School District, Solanco School District, Warwick School District, Cornwall–Lebanon School District, Eastern Lebanon County School District, East Stroudsburg Area School District, Pleasant Valley School District, Pocono Mountain Area School District, Stroudsburg Area School District, Abington School District, Cheltenham Township School District, Hatboro–Horsham School District, Pottsgrove Area School District, Pottstown School District, Souderton Area School District, Spring–Ford Area School District, Upper Dublin School District, Upper Merion Area School District, Upper Perkiomen School District, West Perry School District, Newport School District, School District of Philadelphia, Delaware Valley School District, Cranberry Area School District, Franklin Area School District, Oil City Area School District, Valley Grove School District, Belle Vernon Area School District, Kiski Area School District, Ligonier Valley School District, Burrell School District, Franklin Regional School District, Greater Latrobe School District, Tunkhannock School District, York Suburban School District, Dover Area School District, Eastern York Area School District, Southern York County School District, Southeastern School District, West Shore School

District, Spring Grove School District, West York Area School District, Red Lion School District; Robert Frick, in his individual capacity; and John McKelligott, in his individual capacity, Appellants,

v.

The National Organization for Children, Inc., a/k/a Einstein Academy, a/k/a, T.E.A.C.H. Charter School a/k/a, TEACH—The Einstein Academy Charter School, a/k/a, The E–Academy Charter School, and a/k/a T.E.A.C.H. The E–Academy Charter School; Tutorbots, Inc.; Mimi Rothschild, a/k/a Mimi Roth, a/k/a/ Mimi Rothchild, a/k/a Miriam Mandell; Howard Mandell, a/k/a Howie Mandell; Murray Popkave; Linda Cruz; Anna Friedrich; Agnes Mae Smith; Nesbeth Lane, a/k/a Nesbith Lane; Dr. Lillian Kuretu, a/k/a Dr. Lillian Kuratu, M.D.; Barry Delit; Tim Albrecht; Dan Malloy; Clyde Middleton; Richard Lawrence and John and/or Jane Does.

Commonwealth Court of Pennsylvania.

Argued Nov. 4, 2003.

Decided Dec. 8, 2003.

Allison C. Snyder, Huntingdon Valley, for appellants.

Howard J. Bashman, Philadelphia, for appellees.

BEFORE: PELLEGRINI, Judge, FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Fairfield Area School District et al. (the School Districts) appeal from the March 27, 2003, order of the Court of Common Pleas of Chester County (trial court), which dissolved preliminary injunctions is-

sued against The National Organization for Children, Inc. et al. (Einstein Academy). The School Districts also appeal from the trial court's May 21, 2003, order, which sustained Einstein Academy's preliminary objections and dismissed the School Districts' fifth amended complaint (Complaint) against Einstein Academy.[1] We affirm.

Morrisville Borough School District (Morrisville) entered into a charter school agreement with Einstein Academy in March of 2001. When Einstein Academy began to send the School Districts monthly payment invoices pursuant to the Charter School Law,[2] the School Districts brought actions against Einstein Academy in the courts of common pleas where the School Districts were located. As a result, nine courts of common pleas issued injunctions against Einstein Academy, prohibiting Einstein Academy from enrolling students in the School Districts' counties and from obtaining funds from the School Districts to educate students. On March 7, 2002, the nine actions were brought together in the trial court pursuant to Pa. R.C.P. No. 213.1 (relating to the coordination of actions in different counties).

On October 4, 2002, the School Districts filed their Complaint with the trial court, seeking injunctive and declaratory relief.[3]

---

1. The appeals were consolidated by order of this court dated June 30, 2003.

2. Act of March 10, 1949, P.L. 30, *added by* the Act of June 19, 1997, P.L. 225, *as amended*, 24 P.S. §§ 17–1701–A to 17–1751–A.

3. The School Districts' Complaint set forth fifteen counts alleging: (1) charter schools violate Article III, Section 31 of the Pennsylvania Constitution, which prohibits the delegation of municipal functions; (2) no law permits the creation of public nonprofit corporations; (3) the Charter School Law does not authorize cyber charter schools; (4) Einstein Academy's charter was not granted in

accordance with the procedures set forth in the Charter School Law; (5) Einstein Academy submitted invoices without establishing compliance with the Charter School Law; (6) Einstein Academy has violated special education laws; (7) Einstein Academy is a for-profit business; (8) Einstein Academy has violated the Sunshine Act; (9) Einstein Academy's Board of Trustees has violated the Sunshine Act; (10) Einstein Academy's Board of Trustees has violated the by-laws of the corporation; (11) Einstein Academy's Board of Trustees has violated its fiduciary duties; (12) Einstein Academy does not meet the standards for a cyber charter school; (13) Einstein Academy should be enjoined from ille-

On October 23, 2002, after notice and public hearings regarding Einstein Academy's compliance with its charter, Morrisville revoked Einstein Academy's charter.[4] On November 7, 2002, Einstein Academy filed preliminary objections to the School Districts' Complaint, alleging, *inter alia*, that the School Districts lacked standing to bring their actions against Einstein Academy. On January 10, 2003, Einstein Academy filed a motion to dissolve the injunctions.

On March 27, 2003, the trial court granted Einstein Academy's motion to dissolve the injunctions, concluding that the School Districts lacked standing to pursue their actions under *Pennsylvania School Boards Association, Inc. v. Zogby*, 802 A.2d 6 (Pa.Cmwlth.2002), *appeal denied*, 573 Pa. 687, 823 A.2d 146 (2003) (holding that non-chartering school districts lack standing to challenge the legality of the grant of a charter school application). On May 22, 2003, the trial court sustained Einstein Academy's preliminary objections to the Complaint, again concluding that the School Districts lacked standing under *Zogby*. The School Districts appeal the trial court's orders to this court.[5]

## I. The Injunctions

### A. Cyber Charter School

The School Districts first argue that the trial court erred in dissolving the injunctions against Einstein Academy because Einstein Academy is not a valid cyber charter school under the Charter School Law. However, this argument does not even address the trial court's ruling that the School Districts lack standing to challenge Einstein Academy's charter. It is, therefore, simply another attack on Einstein Academy's charter.

### B. Evidentiary Hearing

The School Districts next argue that the trial court erred in dissolving the injunctions without an evidentiary hearing to determine whether Einstein Academy is a valid charter school. As with their first argument, the School Districts again fail to address the trial court's ruling that the School Districts lack standing to challenge Einstein Academy's charter. Moreover, Morrisville revoked Einstein Academy's charter on October 23, 2002, well before the trial court's dissolution of the injunctions on March 27, 2003. Because Einstein Academy's charter was no longer in existence, an evidentiary hearing to determine the validity of the charter was not necessary.

### C. Case Law

The School Districts also argue that the trial court erred in relying on *Zogby* to dissolve the injunctions for lack of standing because the discussion of standing in *Zogby* was mere dicta. We disagree.

One of the issues presented in *Zogby* was whether non-chartering school dis-

gally operating as a charter school; (14) the School Districts request declaratory judgment with respect to the assertions in the Complaint; and (15) the School Districts request an accounting and constructive trust with respect to the monies withheld by the Department of Education from the School Districts' education subsidies.

4. On June 5, 2003, the State Charter School Appeal Board (CAB) affirmed Morrisville's decision to revoke Einstein Academy's char-

ter. Einstein Academy filed a petition for review with this court, which, on October 6, 2003, affirmed the CAB's order.

5. Our scope of review of a decision by a trial court is limited to determining whether the trial court violated constitutional rights, abused its discretion or committed an error of law. *State Public School Building Authority v. Hazleton Area School District*, 671 A.2d 272 (Pa.Cmwlth.1996).

tricts have standing to challenge the legality of cyber charter schools before the Pennsylvania Department of Education (Department), and this court specifically held that they did not. That holding is reflected in this court's order directing the Department, on remand, to hold a hearing to allow non-chartering school districts to challenge deductions from their school subsidies, "but without permitting a challenge to the legality of cyber charter schools."[6] *Id.* at 13.

## II. Preliminary Objections

### A. Applicability of *Zogby*

■ The School Districts first argue that the trial court erred in relying on *Zogby* to sustain Einstein Academy's preliminary objections based on the School Districts' lack of standing because, unlike *Zogby*, this case does not involve an administrative agency appeal. We disagree.[7]

Section 1702-A of the Charter School Law states that it is the intention of the General Assembly, in enacting the statute, "to establish and maintain schools that operate *independently* from the existing school district structure." 24 P.S. § 17–1702-A (emphasis added). Quite simply, if non-chartering school districts could challenge the operation of a charter school, as the School Districts have done here with respect to Einstein Academy, then non-chartering school districts easily could defeat the General Assembly's intention to establish schools that operate independent-

ly from the existing school district structure.

Moreover, as this court pointed out in *Zogby*, the procedure in the Charter School Law for challenging the grant of a charter school application does *not* involve non-chartering school districts. Likewise, the procedure in the Charter School Law for the revocation of a charter does *not* involve non-chartering school districts. *See* section 1729-A of the Charter School Law, 24 P.S. § 17-1729-A. Inasmuch as the School Districts' Complaint is an attempt either to challenge the legality of Morrisville's decision to grant Einstein Academy's charter school application or to challenge Morrisville's failure to revoke the charter in a more timely fashion, we conclude that the trial court did not err in relying on *Zogby* to dismiss the Complaint for lack of standing.[8]

### B. Taxpayer Standing

■ The School Districts next argue that the trial court erred in dismissing the Complaint for lack of standing to the extent that taxpayers, rather than non-chartering school districts, have brought the suit challenging Einstein Academy's charter. We disagree.

In *Zogby*, this court stated that taxpayers lack standing to challenge the grant of a charter under the Charter School Law. *See West Chester Area School District v. Collegium Charter School,* 760 A.2d 452

---

**6.** The School Districts also argue that equity dictates that the injunctions continue in this case because Einstein Academy has not complied with its charter. However, Morrisville already has determined that Einstein Academy has not complied with its charter and, in fact, has revoked Einstein Academy's charter.

**7.** Although our holding in *Fairfield Area School District v. The National Organization for Children, Inc.,* (Pa.Cmwlth., No. 102 C.D. 2002, filed July 9, 2002), has no precedential

value, this court applied *Zogby* in concluding that a non-chartering school district lacks standing to challenge the grant of a charter in the courts of common pleas.

**8.** The School Districts argue that, because these are preliminary objections, the trial court was required to accept as true the allegation that Einstein Academy is not a valid charter school. However, this is a conclusion of law, not a well-pleaded fact.

(Pa.Cmwlth.2000), *aff'd*, 571 Pa. 503, 812 A.2d 1172 (2002). Thus, to the extent that taxpayers have filed the Complaint to challenge Einstein Academy's charter, the trial court did not err in dismissing the Complaint for lack of standing.

## C. Board of Trustees

■ The School Districts next argue that the trial court erred in concluding that the School Districts lack standing to sue the individual members of the Board of Trustees of Einstein Academy for violations of the Sunshine Act, for breach of fiduciary duties and for violations of the corporation's by-laws. We disagree.

Under the Charter School Law, the boards of trustees have the authority to decide matters related to the "operation" of the charter schools. Section 1716–A(a) of the Charter School Law, 24 P.S. § 17–1716–A(a). When a board of trustees does not operate a charter school properly, e.g., the board of trustees violates the charter, the Sunshine Act, or other laws,[9] the reme-

dy is to revoke the charter under section 1729–A of the Charter School Law. 24 P.S. § 17–1729–A. The revocation procedure set forth in section 1729–A does *not* involve the participation of non-chartering school districts or taxpayers.[10] Therefore, we hold that the trial court did not err in concluding that the School Districts lack standing to sue the individual members of the Board of Trustees for violations of the Sunshine Act or other laws.

## D. Other Claims

The School Districts argue that the trial court erred in concluding that the School Districts lack standing to seek a declaratory judgment that the Charter School Law violates Article III, Section 31 of the Pennsylvania Constitution.[11] However, the trial court properly considered this issue to be whether Morrisville properly granted a charter to Einstein Academy when such a grant is prohibited by Article III, Section 31 of the Pennsylvania Constitution.[12] As

---

9. *See* section 1716–A(c) of the Charter School Law, 24 P.S. § 17–1716–A(c) (stating that the boards of trustees shall comply with the Sunshine Act); section 1720–A of the Charter School Law, 24 P.S. § 17–1720–A (stating that the boards of trustees are legally bound by the charter); and section 1729 A(a)(5) of the Charter School Law, 24 P.S. § 17–1729(a)(5) (stating that a charter may be revoked for violation of any provision of law from which the charter school has not been exempted).

   *See also* section 5712 of the Nonprofit Corporation Law of 1988, 15 Pa.C.S. § 5712 (relating to fiduciary duties of the director of a nonprofit corporation); section 5721 of the Nonprofit Corporation Law of 1988, 15 Pa. C.S. § 5721 (stating that the powers and duties of the board of directors of a nonprofit corporation shall be exercised and performed as shall be provided in the bylaws).

10. We note that the Complaint is seeking: (1) a declaration that Einstein Academy is not being operated properly; (2) an order enjoining the continued operation of Einstein Academy; (3) an order ending the operation of

Einstein Academy; and (4) an order distributing its assets. (Complaint, ¶ 21, "Brief Synopsis of Case" & ¶ 306; R.R. at 31a–32a, 129a–30a.)

11. Article III, Section 31 states that the General Assembly shall not delegate to any *private* corporation any power to perform any municipal function whatever. However, a charter school is a *public* non-profit corporation, and the boards of trustees are *public* officials. Sections 1703–A & 1715–A(11) of the Charter School Law, 24 P.S. §§ 17–1703–A & 17–1715–A(11).

12. Section 7540 of the Declaratory Judgments Act, 42 Pa.C.S. § 7540, states that, when declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. Here, the School Districts brought their action only against Einstein Academy. Therefore, the trial court properly characterized the action as one for a declaration that the grant of a charter to Einstein Academy violates Article III, Section 31 of the Pennsylvania Constitution.

stated, the School Districts lack standing to challenge the grant of a charter.

The School Districts also argue that the trial court erred in concluding that the School Districts lack standing to seek a declaratory judgment that no law authorizes the creation of a public non-profit corporation.[13] However, the trial court properly characterized this issue as whether Morrisville properly granted a charter to Einstein Academy when no law authorizes the creation of a public non-profit corporation. As indicated above, the School Districts lack standing to challenge the grant of a charter.

### III. Claims Against Tutorbots

The School Districts argue that the trial court erred in dismissing their claims against Tutorbots, Inc. (Tutorbots), a for-profit management company servicing Einstein Academy, and Tutorbots' principals, Mimi Rothschild (Rothschild) and Howard Mandel (Mandel). We disagree.

 The Complaint makes averments of fraud against Tutorbots, Rothschild and Mandel and seeks all money paid to them by Einstein Academy. However, the money paid to Tutorbots, Rothschild and Mandel is money received by Einstein Academy under the Charter School Law. Thus, in effect, these claims challenge Einstein Academy's right to the charter school money. In other words, this is yet another way of challenging the grant of a charter to Einstein Academy, or the failure to revoke its charter. Because the School Districts lack standing to challenge the grant of a charter, the trial court did not err in dismissing the School Districts' claims against Tutorbots, Rothschild and Mandel.

13. We note that the Charter School Law authorizes the creation of a public non-profit

Finally, the School Districts argue that the trial court erred in raising the standing issue *sua sponte* with respect to Tutorbots, Rothschild and Mandel, who did not file preliminary objections. However, to the extent that the claims against Tutorbots, Rothschild and Mandel are actually challenges to the grant of, or the failure to revoke, Einstein Academy's charter, the trial court did not err in dismissing the claims.

Accordingly, we affirm.

### ORDER

AND NOW, this 8th day of December, 2003, the orders of the Court of Common Pleas of Chester County, dated March 27, 2003, and May 21, 2003, are hereby affirmed.

corporation. Section 1714–A of the Charter School Law, 24 P.S. § 17–1714–A.